THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

| | |
|---|---|
| REX T. GILBERT, JR. AND DANIELA L. GILBERT,<br><br>PLAINTIFFS,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. DAVID A SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC AND GMAC MORTGAGE, LLC<br>    DEFENDANTS. | <u>DEFENDANTS', DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., RESIDENTIAL FUNDING, LLC, AND GMAC MORTGAGE, LLC, MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO DISMISS</u><br><br>(Fed.R.Civ.P. 8, 9, & 12) |

NOW COME the Defendants, Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc., Residential Funding, LLC and GMAC Mortgage LLC (herein collectively "Defendants"), and hereby submit this Memorandum of Law in support of their Motions to Dismiss.

<u>FACTS AND PROCEDURAL HISTORY</u>

On or about May 5, 2006, the Plaintiffs, Rex Gilbert and Daniela Gilbert, (herein collectively "Plaintiffs" or "Gilberts") borrowed Five Hundred and Twenty-Five Thousand Dollars ($525,000.00) from First National Bank of Arizona.

Complaint, pp. 5-6. In connection with this loan Rex Gilbert executed an Adjustable Rate Note (herein "Note") in which he promised to pay Five Hundred and Twenty-Five Thousand Dollars ($525,000.00) plus interest at the rate of 7.375% to the order of Lender. Complaint, Exhibit 2. Additionally, Rex Gilbert entered into an Interest Only Addendum to the Note (herein "Addendum") that changed the payment terms. Complaint, p. 8 and Exhibit 3. Under the terms of the Addendum the first one hundred and twenty (120) payments were to be interest only payments. Complaint, Exhibit 3. The initial interest only payment amount is Three Thousand Two Hundred Twenty-Six Dollars and Fifty-Seven Cents ($3,226.57). Complaint, Exhibit 3. The Note, in section 4(a), contains a provision that allows the interest rate to change on June 1, 2013. Complaint, Exhibit 2. If the interest rate changes then the eighty-fifth (85th) required interest only payment will change accordingly. Complaint, Exhibit 2.

The Gilberts executed a deed of trust in connection with this loan that offered the property commonly indentified as 134 West End Road, Ocracoke, North Carolina as security. Complaint, p. 6. The deed of trust is recorded in Book 219 Page 53 of the Hyde County Register of Deeds (herein Deed of Trust). A foreclosure order was entered by the Clerk of Superior Court and the Plaintiffs appealed. A de-novo hearing was held in Hyde

County Civil Superior Court on the five issues presented under North Carolina General Statute §45-21.16 and Judge Blount entered an order finding that Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 was the current holder of the subject note and deed of trust and allowed the foreclosure to proceed. The Plaintiffs have appealed this Order and the North Carolina Court of Appeals will be addressing those issues.

The Plaintiffs brought this action against Defendants, and against Defendant David A. Simpson, Substitute Trustee (herein the "Substitute Trustee") by filing their Complaint on September 14, 2009. In the Complaint, Plaintiffs allege the right to rescind, truth in lending violations, usury, unfair and deceptive trade practices, North Carolina's prohibited acts by debt collectors violations, breach of contract, and no authority to foreclose. The Plaintiffs allege that the payment schedule disclosed on the Truth in Lending Disclosure Statement does not match the payment schedule set forth in the subject note or the subject addendum. Complaint, ¶ 42. As a result, the Plaintiffs allege they have never received a Truth-in-Lending Disclosure Statement which accurately discloses the payment schedule. Complaint, ¶ 43. Their claim is that the three day right of rescission is extended for three years and that they rescinded the loan on or about April 5, 2009 by sending a letter to the

Holder of the loan. Complaint, ¶ 44. The Plaintiffs have not alleged any other specific factual allegations concerning any of the material disclosures listed on the Truth in Lending Disclosure Statement. These claims are brought over three years from the date of closing. There is no basis in law for any of these claims against the Defendants and the Plaintiffs are not entitled to any relief based on any of these allegations.

I. **All of the Plaintiffs' Truth in Lending violation claims are untimely and barred as a matter of law.**

The United States Court of Appeals for the Fourth Circuit has stated that a unilateral notification of rescission does not automatically void the contract. American Mortgage Network, Incorporated v. Shelton, 486 F.3d 815 (4th Cir. 2007). In espousing this rule the Court noted, "otherwise a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any. Id. at 821. Further the Court wrote, "The natural reading of [§ 1635(b)] is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined… Id. at 821. The Fourth Circuit is clear that rescission is not automatic.

In the case at bar, the Plaintiffs letter attempting to rescind does not amount to a rescission of the Note and Deed of Trust. Exhibit 6 to Plaintiffs' Complaint evidences that the lender has not acknowledged the right of rescission. To exercise the right of rescission Plaintiffs had to seek approval from the appropriate decision maker. Plaintiffs did not seek rescission from the appropriate decision maker until they filed their Complaint on September 14, 2009.

15 U.S.C §1635(f) provides in pertinent part, "An obligor's right of rescission shall expire three years after the date of consummation of the transaction." The United States Supreme Court in interpreting the statute has determined that §1635(f) limits the rights to bring suit for rescission and governs the life of the underlying right of recession. <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410 (1998). In <u>Beach</u>, the Mortgagee brought an action to foreclose more than three years after the loan closing. The Defendants raised the defense of recoupment and asserted a right to rescind under 15 U.S.C. §1601 *et. seq.* The Florida Circuit Court determined that the right to rescind expired three years after the loan closed and entered judgment for mortgagee. The Florida District Court of Appeals, Florida Supreme Court and the U.S. Supreme Court all affirmed the Circuit Court decision.

In the Beach opinion the Court noted that the mortgagors conceded that their right to institute an independent proceeding for rescission under §1635(f) lapsed three years after they closed the loan. Id. at 415. The question before the Court was whether the mortgagors could still raise the right of rescission as a recoupment defense. In determining the Congress's intent regarding §1635(f), it was not even a close call for the Court. The Court specifically stated, "We respect Congress's manifest intent by concluding that the Act permits no federal right of rescission, defensively or otherwise, after the 3-year period of §1635(f) has run." Id. at 419.

This opinion directly governs the case at bar. The Plaintiffs admit that their loan closing occurred on May 5, 2006. Their right to bring a suit seeking rescission expired on May 5, 2009. They filed their Complaint on September 14, 2009. This is outside the three year window created by §1635(f). Their action seeking recission is untimely. Pursuant to §1635(f) it is barred as a matter of law.

Furthermore, 15 U.S.C. §1640 governs the monetary damages available for the alleged Truth in Lending violations. Specifically §1640(e) states in pertinent part as follows:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of occurrence of the violation…

The plain language of the statute makes it clear that a mortgagee attempting to recover damages on Truth in Lending violation claims arising out of the closing, must bring the claims within one year of the closing.

In the case at bar, the Plaintiffs have failed to comply with §1640(e). Their closing took place on May 5, 2006. To meet the requirements of the statute they had to bring their claim on or before May 5, 2007. They did not bring their action until September 14, 2009. The Plaintiffs claims for damages are barred as a matter of law.

## II. Plaintiffs have failed to allege facts to support their claims that the material disclosures were inaccurate.

The Plaintiffs allege that they were not provided an accurate Truth in Lending Disclosure Statement. Their only factual allegation regarding the Disclosures listed on the Truth-in-Lending Disclosure Statement was an alleged inaccurate payment schedule. 15 U.S.C. §1605(f)(1)(b) provides that disclosures affected by the **finance charge** (as opposed to the APR) are considered accurate if the amount disclosed as the finance charge is more that the amount required to be disclosed. Further, the Federal Reserve Board's implementing regulations amplify this rule. 12 CFR §226.23 (h)(2) states:

> *Tolerance for disclosures.* After the initiation of foreclosure on the consumer's principal dwelling that secures the credit obligation, the finance charge and other disclosures affected by the finance charge (such as the

amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge:

> (i) is understated by no more that $35; or
>
> (ii) is greater than the amount required to be disclosed.

From a plain reading of this statute, it is apparent that any claims regarding disclosures affected by the finance charge must allege facts that show the finance charge was less than what was required to be disclosed. In <u>Alicea v. CitiFinancial Services, Inc.</u>, 210 F.Supp. 2d 4 (D. Massachusetts 2002). The Court termed the provisions in §1605(f)(1)(B) as a "safe-harbor provision" for the mortgagee.

In another case, the United States Court of Appeals for the Seventh Circuit specifically acknowledged an error in the total payments was accurate because the finance charge was accurate. <u>Carmichael v. The Payment Center</u>, 336 F3d 636 (7th Cir. 2003). The Court specifically relied on the fact that the total of payments was affected by the finance charge and therefore was governed by §1605(f)(1)(B). In that particular matter the finance charge was overstated and the Court stated, "the total-of-payments number was itself 'affected by [the overstated] finance charge' and, pursuant to 1605(f)(1)(B), must be 'treated as accurate.'"

In the case at bar, the Plaintiffs have failed to allege any facts pertaining to the finance charge. The only alleged fact in the Complaint regarding an inaccurate material disclosure is the alleged inaccurate payment schedule listed on the Truth in Lending Disclosure Statement. Because of the Safe Harbor Provisions, the Plaintiffs have to show the finance charge was not overstated in order to properly allege inaccurate material disclosures affected by the finance charge. The only mention of the finance charge is in Paragraph 69(b) where they make a legal conclusion that the finance charge was not clearly and accurately disclosed. The Plaintiffs have not properly asserted facts to support any alleged inaccurate material disclosure. They have failed to assert a valid claim for rescission.

### III. Plaintiffs cannot bring their Truth In Lending Violations against Residential Funding LLC and GMAC Mortgage LLC.

The terms of 15 U.S.C. §1601 *et. seq.* impose requirements and govern creditors and assignees. The relevant statutes do not apply to servicers of loans unless the servicers own or owned the obligation. Specifically, 15 U.S.C. §1641(f) provides as follows:

> (f) Treatment of servicer
>
> (1) In general
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of

such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

(2) Servicer not treated as owner on basis of assignment for administrative convenience

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

The United States District Court of the Middle District Court of North Carolina, in an unpublished opinion, <u>Pierce v. Ocwen Loan Servicing</u>, No. 1:006CV00147, 2006 WL 1994571 (M.D.N.C. July 14, 2006) (unpublished), specifically recognized this requirement. The Court stated, "as a loan servicer, and not a lender, Defendant is excepted from liability under TILA." <u>Id.</u> at 4. The Court did recognize a caveat to this statement stating, "a servicer of a loan will be treated as an assignee if the servicer is the owner of the obligation." <u>Id.</u> at 4. The Court went on to note that the servicer was not the owner of the obligation and should not be held liable under TILA.

In the case at bar, as in <u>Pierce</u>, there is not one allegation anywhere in Plaintiffs' Complaint that Residential Funding, LLC or GMAC Mortgage, LLC either now own or at one time owned the obligation. Rather, the Plaintiffs' Complaint alleges

that they are the servicers for the loan. <u>Plaintiffs' Complaint</u> ¶¶ 4 and 5. The Plaintiffs have failed to allege facts to support any truth in lending violations claims against the servicers of the loan, Residential Funding, LLC or GMAC Mortgage, LLC. As to these Defendants, the Truth in Lending violation claims should be dismissed.

## IV. Plaintiffs have failed to allege facts to support their other claims that are based on the Truth in Lending Violations.

The Plaintiffs have asserted several state law claims that arise out of the alleged Truth in Lending Violations. Specifically, the Plaintiffs assert that the Defendants violated Chapter 24 by collecting hidden finance charges contained in an erroneous payment schedule set forth on the Truth in Lending disclosure statement. The Plaintiffs assert that the collection of these alleged hidden finance charges was an unfair and deceptive trade practice. Finally, the Plaintiffs assert the incorrect payment schedule was a breach of contract. The Fourth Circuit United States Court of Appeals in <u>Eastern Shore Markets, Incorporated v. J.D. Associates Limited Partnership</u>, 213 F.3d 175, 180 (4th Cir. 2000) stated as follows:

> While we must take the facts in the light most favorable to the Plaintiff, we need not accept the legal conclusions drawn from the facts.

Applying this standard, the dismissal of the Plaintiffs' claims is proper.

The Plaintiffs' usury claim is based on the alleged erroneous payment schedule set forth in the Truth in Lending Disclosure Statement. Based on this Disclosure Statement, the Plaintiffs claim the Defendants violated Chapter 24 of the North Carolina General Statutes. The relevant sections of Chapter 24 that governs the case at bar are N.C.G.S. §24-1.1A and §24-2. §24.1A states in pertinent part as follows:

> (a) Notwithstanding any other provision of this Chapter, but subject to the provisions of G.S. 24-1.1E, parties to a home loan may contract in writing as follows:
>
> (1) Where the principal amount is ten thousand dollars ($10,000) or more the parties may contract for the payment of interest as agreed upon by the parties;

N.C.G.S. 24-2 would provide penalties if a mortgagor charged interest that violated the above section.

In the case at bar, the Plaintiffs merely allege legal conclusions that the Plaintiffs were charged a usurious interest rate. They do not state any facts to show what fees they were actually charged under the loan account. To make a proper claim for usury, they must show that an impermissible interest rate was actually charged. Their whole claim is based on what was disclosed. That is not the same as what was actually charged. They have failed to allege facts sufficient to support their usury claim. Their usury claim should be dismissed.

The Plaintiffs' Unfair and Deceptive Trade Practice claims merely allege violations. The Plaintiffs do not offer any facts

to support their claims. They assert the Truth in Lending Disclosure Statement contains hidden fees. This makes no sense. The very essence of hidden is that they would not be disclosed.

Further, as shown above, the Plaintiffs' Truth in Lending violation claims are without merit. The Defendants acted within the safe harbor provisions of the Truth in Lending Act and its implementing regulations. The Plaintiffs have failed to allege otherwise. Furthermore, the Plaintiffs have not made any allegations of fees actually charged. The Plaintiffs' unfair and deceptive trade practice claims are without merit and should be dismissed

The Plaintiffs' Breach of Contract claim is based on their allegations that the Truth in Lending Disclosure Statement contains an inaccurate payment schedule. The Note is an adjustable rate note. Plaintiffs' Complaint misstates the terms of the Note and Addendum. The Complaint states that the first 120 payments will be in the amount of $3,226.57. <u>Complaint</u>, ¶ 40. That is incorrect. The Note and Addendum provide that the first 120 payments will be interest only. However, it also states that the interest rate may change on or about June 1, 2013. <u>Complaint</u>, ¶ 4(a). If the interest rate changes then the Eighty-Fifth (85th) payment would change accordingly. The payment schedule accurately reflects the initial term interest payments required under the subject note and subject addendum.

The Defendants have not breached any contract with the Plaintiffs. Plaintiffs' allegations are inaccurate and do not support a breach of contract claim. Plaintiffs' breach of contract claim should be dismissed.

**VI. Plaintiffs' claims regarding the owner of the note have already been litigated in a separate proceeding.**

The Plaintiffs assert in their sixth claim for relief that the Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. is without authority to enforce the promissory note. Further, the Plaintiffs ask the Court to strike the Order entered in a separate proceeding allowing a foreclosure sale of the subject property. There is absolutely nothing in North Carolina law that would allow this claim.

North Carolina law is clear that one of the limited issues presented in a foreclosure proceeding is whether the owner and holder of the debt is foreclosing. N.C.G.S. §45-21.16 provides in pertinent part as follows:

> the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents. If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), and (v) that the underlying mortgage debt is not a subprime loan as defined in G.S. 45-101(4), or if the loan is a subprime loan under G.S. 45-101(4), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time

> established by Article 11 of this Chapter have elapsed, then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article…

North Carolina Courts have addressed the issue of parties attempting to raise the above referenced issues in a separate civil superior court action. In <u>Phil Mechanic Construction Company, Inc. v. Haywood</u>, 72 N.C.App. 318, 325 S.E.2d 1, the Plaintiffs attempted to recover money owed on a debt secured by a deed of trust and to foreclose on the deed of trust. The problem was that the Plaintiffs had already attempted to foreclose in a separate special proceeding and their request to foreclose was denied. The North Carolina Court of Appeals held that the trial court did not err in dismissing the Plaintiffs' claim for foreclosure on the deed of trust as bared by res judicata. The Court stated,

> When a mortgagee or trustee elects to proceed under N.C.G.S. §45-21.1 et seq., issues decided thereunder as to the validity of the debt and the trustee's right to foreclose are res judicata and cannot be relitigated in an action for strict judicial foreclosure.

In the case at bar, the issue of the owner and holder of the note was addressed in the foreclosure proceeding. It cannot be relitigated in separate civil superior court action. The Plaintiff has appealed the Order allowing foreclosure. That is the proper forum for her sixth claim for relief.

Furthermore, the Fourth Circuit has specifically

acknowledged that where an issue has already been litigated in the state court, an action based on the same contention should be dismissed on the grounds of res judicata. Resolute Insurance Company v. State of North Carolina, 397 F.2d 586 (4th Cir. 1968). In Resolute the Court noted that the Plaintiff sought to have the Federal Court sit in an appellate capacity of the decisions rendered by the state court. Further, the Court noted that the the argument made to the Federal Court was the essence of the argument made in the State Court litigation. The Fourth Circuit affirmed the dismissal of the Federal Action stating, "This case is a thinly veiled attempt to thwart the process of dispensing justice by relitigating matters which have been decided in a court of competent jurisdiction."

This is directly on point for the case at bar. The Plaintiffs are attempting to relitigate whether or not Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., is the current holder of the note. In fact, they ask this Court to strike the Order entered in the state court special proceeding that addressed the holder issue. Their argument is the same argument already litigated in the state court special proceeding. They are not allowed to relitigate this matter. There is no authority for them to raise this issue in this proceeding. The Plaintiffs' sixth claim for relief is barred by the doctrine of res judicata.

### V. Plaintiffs have failed to allege sufficient facts to support their claims pursuant to N.C.G.S. §75-50 et seq.

As stated above, the North Carolina Courts require that the Plaintiffs plead facts sufficient to support their claim. Further, for purposed of a 12(b)(6) motion, conclusions of law are not considered true. The Plaintiffs have alleged that the Defendants have violated N.C.G.S. §75-50 by engaging in acts prohibited by debt collectors. The Plaintiffs' main claims deal with the alleged inaccurate disclosures and Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., lack of authority to foreclose. These issues have been discussed above. The disclosures given to the Plaintiffs were accurate and the Defendants have not violated any statute.

The Plaintiffs have made conclusory statements regarding the contact that the Defendants had with the Plaintiffs. They have not stated when, where or how, the Defendants communicated with the Plaintiff after they knew they were represented by an attorney. That is not sufficient under North Carolina. They have not alleged facts to support their claims. The claims under §75-50 should all be dismissed.

### CONCLUSION

There are a myriad a reasons for this Court to dismiss all of the Plaintiffs' claims. The Plaintiffs' Truth in Lending

violation claims were made untimely. The Plaintiffs have failed to allege facts regarding the finance charge and therefore, all disclosures that were affected by the finance charge were accurate. All of the other claims were based on the Truth in Lending violations. As the Truth in Lending Violations fail, so do the other claims. Finally, the Plaintiffs' sixth claim has already been litigated in state court and is now barred in this action.

Defendants respectfully request that this Court dismiss all of the Plaintiffs' claims.

This the 14th day of October, 2009.

THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.

John T. Benjamin, Jr.
N.C. State Bar No.: 18673
benjamin@lawjtb.com

James R. White
N.C. State Bar No.: 29508
white@lawjtb.com
*Attorneys for Defendants,* Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc, Residential Funding, LLC and GMAC Mortgage, LLC.
712 West North Street
Raleigh, N.C. 27603
(919) 755-0060
Fax (919) 755-0069

CERTIFICATE OF SERVICE

I, John T. Benjamin, Jr., of The Law Office of John T. Benjamin, Jr., P.A., attorney for Deutsche Bank Trust Company Americas as Trustee for Residential Credit Loans, Inc, Residential Funding, LLC and GMAC Mortgage, LLC do hereby certify that I have electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and I certify that I have mailed the document to the following:

> Katherine S. Parker-Lowe
> Attorney at Law
> 35 Miss Elecia Lane, Ste. 101
> Post Office Box 730
> Ocracoke, North Carolina 27960
>
> David A. Simpson
> Kellam Simpson Loflin & Poe
> 2901 Coltsgate Road, Suite 102
> Charlotte, North Carolina 28211
>
> David A. Simpson
> Kellam & Petit
> 2701 Coltsgate Road, Suite 300
> Charlotte, North Carolina 28211

This the 14th day of October, 2009.

_____
John T. Benjamin, Jr.
Attorney for Defendants, Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc, Residential Funding, LLC and GMAC Mortgage, LLC.