IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR., and <br> DANIELA L. GILBERT, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK TRUST COMPANY <br> AMERICAS, as Trustee for <br> RESIDENTIAL ACCREDIT LOANS, INC., <br> DAVID A. SIMPSON, P.C., Substitute Trustee, <br> RESIDENTIAL FUNDING, LLC, and <br> GMAC MORTGAGE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

On September 14, 2009, Rex T. Gilbert, Jr., and Daniela L. Gilbert ("plaintiffs" or "Gilberts") filed suit in Hyde County Superior Court against Deutsche Bank Trust Company Americas ("Deutsche"), Residential Funding, LLC ("Residential Funding"), GMAC Mortgage, LLC ("GMAC"), and David A. Simpson, P.C. ("Simpson") (collectively "defendants"), seeking to rescind their mortgage loan [D.E. 1-1]. Defendants removed the action to this court [D.E. 1] and moved to dismiss the Gilberts' complaint for failure to state a claim upon which relief can be granted [D.E. 6]. The court granted the motion to dismiss and entered judgment in favor of the defendants [D.E. 32, 33]. The Gilberts subsequently filed a motion for relief pursuant to Rule 59[1] of the Federal Rules of Civil Procedure [D.E. 34].

---

[1] The Gilberts' motion sought relief under Rule 59(a)(1)(B) and (a)(2). However, the Gilberts' memorandum in support of the motion [D.E. 36] additionally requested relief under Rule 59(e).

The court dismissed Gilberts' complaint for failure to state a claim upon which relief may be granted. There was no trial in this case. Therefore the Gilberts' request for a "new trial" is denied. See Fed. R. Civ. P. 59(a).

The Gilberts also ask the court to alter or amend the judgment pursuant to Rule 59(e). The court has considered the motion for relief under the governing standard. See, e.g., Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 407 (4th Cir. 2010); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403. Courts have recognized three grounds for altering or amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Zinkand, 478 F.3d at 637; Pac. Ins. Co, 148 F.3d at 403. Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that they party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. Moreover, mere disagreement with the court's decision is not a proper basis for a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

The Gilberts' motion does not meet the standard for relief under Rule 59(e). Accordingly, plaintiffs' motion for reconsideration [D.E. 34] is DENIED.

SO ORDERED. This _19_ day of October 2010.

JAMES C. DEVER III
United States District Judge

2