IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

REX T. GILBERT, JR and DANIELA L.
GILBERT,

                *Plaintiffs*,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS, INC.,
DAVID A. SIMPSON, P.C., SUBSTITUTE
TRUSTEE, RESIDENTIAL FUNDING,
LLC, GMAC MORTGAGE, LLC AND
OCWEN LOAN SERVICING, LLC,

            *Defendan*ts.

## DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** defendant Deutsche Bank Trust Company Americas, as Trustee for

Residential Accredit Loans, Inc. Series 2006-QA6 ("Defendant"), incorrectly named as Deutsche

Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., by and through

its counsel of record, and answers plaintiffs Rex T. Gilbert, Jr. and Daniela L. Gilbert's

("Plaintiffs") First Amended Complaint as follows:

## JURISDICTION

These paragraphs call for a series of legal conclusion to which no response is required. To

the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

1

## PARTIES

1.    Upon information and belief, admitted.

2.    Defendant admits that it serves as trustee for Plaintiffs' loan at issue in this action, does business in the State of North Carolina and is the holder and owner of the loan. The remaining allegations of paragraph 2 call for a series of legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

3.    Defendant is without sufficient information to admit or deny the allegations of paragraph 3 and therefore denies them and demands strict proof thereof.

4.    Defendant avers that no claims are set forth against Residential Funding, LLC and therefore are not a proper party in this action. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 4 and therefore denies them and demands strict proof thereof.

5.    Defendant avers that no claims are set forth against GMAC Mortgage, LLC and therefore are not a proper party in this action. Defendant admits that GMAC Mortgage, LLC previously serviced Plaintiffs' loan at issue in this action and filed for bankruptcy protection in 2012 and that defendant Ocwen Loan Servicing, LLC currently services the loan at issue in this action. However, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 5 and therefore denies them and demands strict proof thereof.

6.    Admitted.

## FACTUAL ALLEGATIONS

7.    Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

8.     Defendant is without sufficient information to admit or deny the allegations of paragraph 8 pertaining to where Plaintiffs live and therefore denies them and demands strict proof thereof.  The remaining allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

9.     Defendant is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies them and demands strict proof thereof.

## MORTGAGE LOAN TRANSACTION

10.     Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and therefore denies them and demands strict proof thereof.

11.     Defendant is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies them and demands strict proof thereof.

12.     Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies them and demands strict proof thereof.

13.     Defendant is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies them and demands strict proof thereof.

14.     Defendant is without sufficient information to admit or deny the allegations of paragraph 14 and therefore denies them and demands strict proof thereof.

15.     Defendant is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies them and demands strict proof thereof.

16.     Defendant is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies them and demands strict proof thereof.

17.     Defendant is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies them and demands strict proof thereof.

18.     Defendant is without sufficient information to admit or deny the allegations of paragraph 18 related to Plaintiffs' contact with Marco P. Garcia and therefore denies them and demands strict proof thereof. Paragraph 18 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 18 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

19.     Defendant is without sufficient information to admit or deny the allegations of paragraph 19 related to Plaintiffs receiving a copy of the appraisal and therefore denies them and demands strict proof thereof. Paragraph 19 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 19 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

20.     Defendant is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies them and demands strict proof thereof.

21.     Defendant is without sufficient information to admit or deny the allegations of paragraph 21 and therefore denies them and demands strict proof thereof.

22.     Defendant is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies them and demands strict proof thereof.

23.     Defendant is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies them and demands strict proof thereof.

24.     Defendant is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies them and demands strict proof thereof.

25.     Defendant is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies them and demands strict proof thereof.

26.     Defendant is without sufficient information to admit or deny the allegations of paragraph 26 and therefore denies them and demands strict proof thereof.

27.     Defendant is without sufficient information to admit or deny the allegations of paragraph 27 and therefore denies them and demands strict proof thereof.

28.     Defendant is without sufficient information to admit or deny the allegations of paragraph 28 and therefore denies them and demands strict proof thereof.

29.     Defendant is without sufficient information to admit or deny the allegations of paragraph 29 and therefore denies them and demands strict proof thereof.

30.     Defendant is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies them and demands strict proof thereof.

31.     Defendant is without sufficient information to admit or deny the allegations of paragraph 31 and therefore denies them and demands strict proof thereof.

32.     Defendant is without sufficient information to admit or deny the allegations of paragraph 32 and therefore denies them and demands strict proof thereof

**MORTGAGE LOAN DOCUMENTS AND TRUTH IN LENDING RECISSION**

33.     Paragraph 33 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 33 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

34.     Paragraph 34 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 34 contradict the written terms of the document, Defendant denies those allegations. Paragraph 34 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

35. Paragraph 35 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 35 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

36. Paragraph 36 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 36 contradict the written terms of the document, Defendant denies those allegations. Paragraph 36 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

37. Defendant denies the allegations of paragraph 37 and demands strict proof thereof.

38. Paragraph 38 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 38 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

39. Paragraph 39 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 39 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof. Paragraph 39 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

40. Paragraph 40 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 40 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

41.     Paragraph 41 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 41 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

42.     Paragraph 42 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 42 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

43.     Paragraph 43 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 43 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

44.     Paragraph 44 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

45.     Paragraph 45 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

46.     Paragraph 46 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

47.     Defendant denies the allegations in paragraph 47 and demands strict proof thereof.

48.      Paragraph 48 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

49.     Defendant admits Exhibit 5 is attached to the Complaint, but Paragraph 49 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 49 contradict the written terms of the document, Defendant denies those allegations. Paragraph 49 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

50.     Paragraph 50 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 50 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

51.     Defendant denies the allegations of paragraph 51 and demands strict proof thereof.

52.     Defendant denies Plaintiffs have established rescission under TILA. The remaining allegations in paragraph 52 are admitted.

53.     Defendant admits it did not terminate any security interest created under the transaction at issue in this action, but denies it is required at this time to take any action regarding the security instrument created under the transaction at issue in this action. The remaining allegations in paragraph 53 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

54.     Defendant admits it has not returned to Plaintiffs any money or property given by Plaintiffs, but denies it is required at this time to return any money or property to Plaintiffs. The remaining allegations of paragraph 54 calls for legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## ATTEMPTS AT A LOAN MODIFICATION

55.     Defendant is without sufficient information to admit or deny the allegations of paragraph 55 and therefore denies them and demands strict proof thereof.

56.     Defendant is without sufficient information to admit or deny the allegations of paragraph 56 and therefore denies them and demands strict proof thereof.

57.     Defendant is without sufficient information to admit or deny the allegations of paragraph 57 and therefore denies them and demands strict proof thereof.

58.     Paragraph 58 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 58 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

59.     Defendant is without sufficient information to admit or deny the allegations of paragraph 59 and therefore denies them and demands strict proof thereof.

60.     Defendant is without sufficient information to admit or deny the allegations of paragraph 60 and therefore denies them and demands strict proof thereof.

61.     Defendant is without sufficient information to admit or deny the allegations of paragraph 61 and therefore denies them and demands strict proof thereof.

62.     Paragraph 62 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 62 contradict the written terms of the document, Defendant denies those allegations and therefore denies them and demands strict proof thereof.

63.     Paragraph 63 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 63 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

64.     Defendant is without sufficient information to admit or deny the allegations of paragraph 64 and therefore denies them and demands strict proof thereof.

65.     Defendant is without sufficient information to admit or deny the allegations of paragraph 65 and therefore denies them and demands strict proof thereof.

66.     Defendant is without sufficient information to admit or deny the allegations of paragraph 66 and therefore denies them and demands strict proof thereof.

67.     Defendant is without sufficient information to admit or deny the allegations of paragraph 67 and therefore denies them and demands strict proof thereof.

68.     Defendant is without sufficient information to admit or deny the allegations of paragraph 68 and therefore denies them and demands strict proof thereof.

69.     Paragraph 69 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 69 contradict the written terms of the document, Defendant denies those allegations. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 69 and therefore denies them and demands strict proof thereof.

70.     Defendant is without sufficient information to admit or deny the allegations of paragraph 70 and therefore denies them and demands strict proof thereof.

71.     Paragraph 71 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 71 contradict the written terms of the document, Defendant denies those allegations. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 71 and therefore denies them and demands strict proof thereof.

72.     Defendant is without sufficient information to admit or deny the allegations of paragraph 72 and therefore denies them and demands strict proof thereof.  Paragraph 72 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 72 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

73.     Defendant is without sufficient information to admit or deny the allegations of paragraph 73 and therefore denies them and demands strict proof thereof.  Paragraph 73 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of

paragraph 73 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

## CONTINUED DEBT COLLECTION ACTIVITIES

74. Paragraph 74 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

75. Defendant is without sufficient information to admit or deny the allegations of paragraph 75 and therefore denies them and demands strict proof thereof.

76. Defendant is without sufficient information to admit or deny the allegations of paragraph 76 and therefore denies them and demands strict proof thereof.

77. Paragraph 77 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies them and demands strict proof thereof.

78. Paragraph 78 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 78 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

79. Paragraph 79 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies them and demands strict proof thereof.

80. Defendant admits that it did not file the foreclosure action referenced in paragraph 80. Paragraph 80 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 80 contradict the written terms of the document, Defendant denies them and demands strict proof thereof.

81. Defendant admits that the foreclosure action referenced in paragraph 81 was dismissed. Paragraph 81 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

82. Paragraph 82 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 82 contradict the written terms of the document, Defendant denies those allegations. Any and all remaining allegations in paragraph 82 are denied.

83. Paragraph 83 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

84. Paragraph 84 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 84 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof. Defendant is also without sufficient information to admit or deny the allegations of paragraph 84 and therefore denies them and demands strict proof thereof.

85. Defendant is without sufficient information to admit or deny the allegations of paragraph 85 and therefore denies them and demands strict proof thereof.

86. Defendant is without sufficient information to admit or deny the allegations of paragraph 86 and therefore denies them and demands strict proof thereof.

87. Paragraph 87 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Plaintiffs have asked to rescind the loan at issue in this action. Any and all remaining allegations in paragraph 87 are denied and Defendant demands strict proof thereof.

88. Defendant admits that defendant Ocwen currently services the loan at issue in this action and that it purchased GMAC Mortgage, LLC assets. The remaining paragraphs refer to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 88 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

89.     Defendant is without sufficient information to admit or deny the allegations of paragraph 89 related to Ocwen's contacts with Plaintiffs and therefore denies them and demands strict proof thereof. The remaining paragraphs refer to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 89 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

## ROBO-SIGNING

90.     Paragraph 90 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 90 contradict the written terms of the documents, Defendant denies those allegations and demands strict proof thereof.

91.     Paragraph 91 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 91 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

92.     Paragraph 92 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 92 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

93.     Paragraph 93 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

94.     Paragraph 94 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

95.     Paragraph 95 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 95 contradict the written terms of the document, Defendant denies those allegations.

96.     Paragraph 96 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 96 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

97.     Paragraph 97 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 97 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

98.     Paragraph 98 including, but not limited to, any and all subparts, refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 98 and its subparts contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

99.     Paragraph 99 including, but not limited to, any and all subparts, refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 99 and its subparts contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

100.    Defendant is without sufficient information to admit or deny the allegations of paragraph 100 and therefore denies them and demands strict proof thereof.

101.    Defendant is without sufficient information to admit or deny the allegations of paragraph 101 and therefore denies them and demands strict proof thereof.

102.    Defendant is without sufficient information to admit or deny the allegations of paragraph 102 and therefore denies them and demands strict proof thereof.

103.    Defendant denies the allegations of paragraph 103 including, but not limited to its subparts, and demands strict proof thereof.

104.    Defendant denies the allegations of paragraph 104 and demands strict proof thereof.

105.     Defendant denies the allegations of paragraph 105 and demands strict proof thereof.

106.     Defendant admits that it relied on the affidavits mentioned in paragraph 106 and denies the remaining allegations of paragraph 106 and demands strict proof thereof.

107.     Defendant denies the allegations of paragraph 107 and demands strict proof thereof.

108.     Defendant denies the allegations of paragraph 108 and demands strict proof thereof.

109.     Defendant denies the allegations of paragraph 109 and demands strict proof thereof.

110.     Paragraph 110 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## CLAIMS FOR RELIEF
## STATEMENT OF NATURE OF CLAIMS ASSERTED

111.     Paragraph 111 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF TRUTH IN LENDING AGAINST DEFENDANT DEUTSCHE

112.     Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

113.     Paragraph 113 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

114.     Defendant admits it is the assignee and holder of the Note. Any and all remaining allegations in paragraph 114 are denied and Defendant demands strict proof thereof.

115.     Defendant admits it is the assignee and holder of the Note.  However, any and remaining allegations in paragraph 115 are denied and Defendant demands strict proof thereof.

116.     Defendant denies the allegations of paragraph 116 and demands strict proof thereof.

117.     Defendant denies the allegations of paragraph 117 and demands strict proof thereof.

118.    Paragraph 118 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 118 contradict the written terms of the document, Defendant denies those allegations. Paragraph 118 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

119.    Upon information and belief, this Defendant admits that Exhibit 6 acknowledges defendant GMAC's receipt of plaintiffs' letter of rescission, but Defendant is without sufficient information to admit or deny the allegations of paragraph 119 and therefore denies them and demands strict proof thereof.

120.    Admitted.

121.    Defendant admits it has not taken any action to reflect the termination of the security interest created under this transaction, but denies it is required at this time to take any action regarding the security instruments created under the transaction at issue in this action. The remaining allegations in paragraph 121 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

122.    Defendant admits it has not returned to plaintiffs any money or property given by the plaintiffs, but denies it is required to return any money or property to Plaintiffs. The remaining allegations in paragraph 122 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

123.    Defendant denies the allegations of paragraph 123 and demands strict proof thereof.

**SECOND CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE ACTS AND PRACTICES**
**PURSUANT TO N.C. GEN. STAT. 75-1.1**
**AGAINST DEFENDANT DEUTSCHE**

124.     Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

125.     Defendant denies the allegations of paragraph 125 and demands strict proof thereof. Paragraph 125 is also subject to Defendant's motion to dismiss filed under separate cover.

126.     Defendant denies the allegations of paragraph 126 and demands strict proof thereof. Paragraph 126 is also subject to Defendant's motion to dismiss filed under separate cover.

**THIRD CLAIM FOR RELIEF**
**VIOLATIONS OF NORTH CAROLINA'S PROHIBITED ACTS BY DEBT**
**COLLECTORS**
**UNFAIR AND DECEPTIVE ACTS AND PRACTICES**
**PURSUANT TO N.C. GEN. STAT. 75-50, ET. SEQ.**
**AGAINST DEFENDANT DEUTSCHE**

127.     Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

128.     Paragraph 128 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

129.     Paragraph 129 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

130.     Paragraph 130 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

131.     Defendant denies the allegations of paragraph 131 including, but not limited to its subparts, and demands strict proof thereof.

132.     Defendant denies the allegations of paragraph 132 and demands strict proof thereof.

## FOURTH CLAIM FOR RELIEF
## ATTEMPTED WRONGFUL FORECLOSURE
## AGAINST DEFENDANT DEUTSCHE

Plaintiff's Fourth Claim for Relief including, but not limited to, paragraphs 133 – 144, involves allegations subject to Defendant's motion to dismiss filed under separate cover. In the event responses are recovered, Defendant denies all allegations.

## FIFTH CLAIM FOR RELIEF
## VIOLATIONS OF NORTH CAROLINA'S PROHIBITED ACTS BY DEBT COLLECTORS
## UNFAIR AND DECEPTIVE ACTS AND PRACTICES
## PURSUANT TO N.C. GEN. STAT. 75-50, ET. SEQ.
## AGAINST DEFENDANT OCWEN

Plaintiff's Fifth Claim for Relief including, but not limited to, paragraphs 145 – 150, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations and demands strict proof thereof.

## SIXTH CLAIM FOR RELIEF
## UNFAIR AND/OR DECEPTIVE ACTS AND PRACTICES
## IN VIOLATION OF N.C. GEN. STAT. § 75-1.1
## AGAINST DEFENDANT OCWEN

Plaintiff's Sixth Claim for Relief including, but not limited to, paragraphs 151 – 153, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations and demands strict proof thereof.

## PLAINTIFF'S FIRST MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS
TO PRESERVE THE STATUS QUO AND TO PREVENT DELAYING TACTICS BY PROHIBITING THE ASSIGNMENT OF THE MORTGAGE OR SERVICING RIGHTS DURING THE COURSE OF THE LITIGATION

154.    Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

155.    Paragraph 155 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

156.     Defendant denies the allegations of paragraph 156 and demands strict proof thereof.

157.     Defendant denies the allegations of paragraph 157 and demands strict proof thereof.

158.     Defendant denies the allegations of paragraph 158 and demands strict proof thereof.

## PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS
### TO PRESERVE THE STATUS QUO AND TO RESTRAIN A FORECLOSURE SALE DURING THE COURSE OF THIS LITIGATON, WHICH WOULD OTHERWISE CAUSE IRREPERABLE HARM TO PLAINTIFFS

159.     Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

160.     Paragraph 160 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant avers that Plaintiff's second motion is moot because there is not a pending foreclosure action. The remaining allegations in paragraph 160 are denied and Defendant demands strict proof thereof.

161.     Defendant denies the allegations of paragraph 161 and demands strict proof thereof.

162.     Defendant denies the allegations of paragraph 162 and demands strict proof thereof.

163.     Defendant denies the allegations of paragraph 163 and demands strict proof thereof.

The "WHEREFORE" paragraphs following paragraph 163 calls for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant further avers that subparagraph 13 be stricken as this requested relief is not related to any claim set forth in Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(General Denial of Allegations)**

To the extent not specifically admitted herein, Defendant denies all material allegations contained in Plaintiffs' First Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs' First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
**(Condition Precedent)**

Plaintiffs' TILA rescission claims are barred for failure to satisfy a condition precedent.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Tender)**

Plaintiffs' TILA rescission claim is barred for Plaintiffs' failure to tender.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred because Plaintiffs failed, neglected, and refused to mitigate the damages alleged and therefore are barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE
**(No Right to Punitive Damages)**

Plaintiffs failed to set forth a valid claim for punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE
**(Set-Off)**

In the event Plaintiffs are entitled to any damages Defendant is entitled to a set-off of said damages in the amount of any and all damages Defendant has incurred.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiffs request for equitable relief is barred by unclean hands, mistake and/or estoppel, waiver or laches.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

In addition to the defenses set forth herein, Defendant alleges presently that it has insufficient knowledge of information upon which to form a belief whether it may have additional, as yet unstated, affirmative defenses. Accordingly, Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**WHEREFORE,** Defendant prays that:

1.      Plaintiffs' First Amended Complaint is dismissed with prejudice as to Defendant, and Plaintiffs have and recover nothing of it, including, but not limited to, any and all monetary damages and equitable relief;

2.      The costs of this action be taxed against Plaintiffs;

3.      Defendant recover all fees and costs incurred in defense of this action; and

4.      Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 2nd day of October, 2015.

**BRADLEY ARANT BOULT CUMMINGS LLP**

s/ Christian W. Hancock
Christian W. Hancock (N.C. Bar No. 39259)
Nicholas J. Voelker (N.C. Bar No. 35841)
Bank of America Corporate Center
100 N. Tryon St., Suite 2690
Charlotte, NC 28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile

*Attorneys for Defendants Deutsche Bank Trust Company*
*Americas, as Trustee for Residential Accredit Loans, Inc.*
*Series 2006-QA6 and Ocwen Loan Servicing, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 2, 2015 a copy of the foregoing was served by electronic

mail

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
katerine@ocracokelaw.com

*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have served the document by mail to the following:

David A. Simpson
Kellam, Simpson, Loflin & Poe
2901 Coltsgate Road, Suite 102
Charlotte, North Carolina 28211

*CO-DEFENDANT*

<u>s/ Christian W. Hancock</u>
OF COUNSEL