IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR and DANIELA L. GILBERT, | |
| *Plaintiffs*, | |
| v. | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC AND GMAC MORTGAGE, LLC, | |
| *Defendan*ts. | |

**DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF COUNT TWO AND COUNT FOUR OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

**NOW COMES** Defendant Deutsche Bank Trust Company Americas, as Trustee for

Residential Accredit Loans, Inc. Series 2006-QA6[1] ("Deutsche Bank"), by and through its counsel

of record, and respectfully submits this memorandum in support of its motion to dismiss ("Motion

to Dismiss") portions[2] of Count Two and Count Four of Plaintiffs Rex T. Gilbert, Jr., and Daniela

L. Gilbert's ("Plaintiffs" or "the Gilberts") First Amended Complaint. The Gilberts' claim that

---

[1] The Gilberts' First Amended Complaint incorrectly names Deutsche Bank as Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc.

[2] Deutsche Bank moves to dismiss bullet points one, two, and three of paragraph 25 of Plaintiffs' Unfair and Deceptive Trade Practices Claim against Deutsche Bank.

1

Deutsche Bank violated North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA") by allegedly failing to make material disclosures under the Truth in Lending Act ("TILA") and failing to cancel the Gilberts' Deed of Trust or rescind their loan as well as the Gilberts' claim for attempted wrongful foreclosure are barred by *res judicata* and, consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, fail to state any claim upon which relief may be granted.

## I.      FACTS AND PROCEDURAL POSTURE

On May 5, 2006, the Gilberts borrowed $525,000.00 from the First National Bank of Arizona (the "Loan") and refinanced a prior mortgage loan on their property, 134 West End Road, Ocracoke, North Carolina 27960 (the "Property"). Am. Compl. Ex. 2. The note had an unbroken chain of endorsements to "Deutsche Bank Trust Company Americas as Trustee," and GMAC Mortgage, LLC, ("GMACM") sub-serviced the Loan. Am. Compl. Ex.1. In 2008, the Gilberts defaulted on their loan payments. *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 274 (4th Cir. 2012).

In 2009, David A. Simpson, P.C., as Substitute Trustee, brought a foreclosure suit ("State Foreclosure Action"). *Id.* On June 17, 2009, the Clerk of the Hyde County Superior Court ordered the foreclosure sale of the Property; this order, however, was reversed by the North Carolina Court of Appeals on May 3, 2011. *Id.* To this day, the Gilberts remain in possession of the Property.

While the state court appeal was pending, the Gilberts filed a separate suit against GMACM, Deutsche Bank, Residential Funding Corporation, LLC ("RFC"), and the substitute trustee, David Simpson, (collectively, the "Defendants") in the General Court of Justice for the County of Hyde, North Carolina, in September of 2009. Doc. No. 1, Ex. 1. Defendants removed the case to the Eastern District of North Carolina, which granted Defendants' Motion to Dismiss on July 7, 2010. Doc. No. 32. On May 3, 2012, the United States Court of Appeals for the Fourth

2

Circuit reversed the district court's dismissal, reinstating some of the Gilberts' claims. *Gilbert*, 678 at 280.

After GMACM's bankruptcy, the Gilberts filed proofs of claims in the amount of $5,948,900.00 on October 30, 2012, in the Bankruptcy Court for the S.D.N.Y. (the "Bankruptcy Court"). *In re Residential Capital, LLC*, 501 B.R. 531, 538 (Bankr. S.D.N.Y. 2013) *on reconsideration in part,* 528 B.R. 570 (Bankr. S.D.N.Y. 2014). The Gilberts' bankruptcy claims included claims for violations of the UDTPA and attempted wrongful foreclosure, both of which the Bankruptcy Court dismissed. *Id.* at 540-45. The Bankruptcy Court applied federal and North Carolina law when evaluating these proofs of claims.

## II.     ARGUMENT

### A.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides the mechanism through which a party may seek the dismissal of a civil action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2014). A Rule 12(b)(6) motion tests the legal and factual sufficiency of a party's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63, 570 (2007); *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Campbell v. Wells Fargo Bank, N.A.*, No. 5:13-CV-785-D, 2014 WL 5471911, at * 2 (E.D.N.C. August 13, 2014) (unpublished).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Orban v. Nationwide Trustee Servs.*, No. 5:12-CV-16-RLV-DSC, 2014 WL 6476235, at *3 (W.D.N.C. Nov. 19, 2014) (unpublished) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "The facial plausibility standard requires the plaintiff to articulate facts, when accepted as true, that show that

the plaintiff has stated a claim entitling him to relief." *Id.* (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)) (internal quotations omitted). Moreover, a court may "consider official public records, [and] documents central to plaintiff's claim [i.e. the order by the Bankruptcy Court]…without converting the motion to one for summary judgment…" *Witthon v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006). Accordingly, this Court may consider the pleadings previously filed with the Bankruptcy Court without turning this Motion to Dismiss into one for summary judgment.

**B.     The Gilberts' Erroneous Attempt to Refile Claims Previously Dismissed by the Bankruptcy Court is Barred by the Doctrine of *Res Judicata*.**

"When considering a Rule 12(b)(6) motion to dismiss asserting claim preclusion, also referred to as the doctrine of *res judicata*, the Court must determine whether the Plaintiff is barred from bringing the action at hand." *Karangiannopoulos v. City of Lowell*, No. 3:14-CV-728, 2015 WL 4389522, at *2 (W.D.N.C. July 17, 2015) (slip copy). "*Res judicata* 'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, causes of action or defense which could have been asserted in that action'." *Id.* (quoting *Ohio Valley Envtl. Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)); *see also Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008).

"A party relying on *res judicata* [to dismiss a subsequent complaint on 12(b)(6) grounds] must establish three elements: '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Barefoot v. Polk*, No. 5:07-CT-3029-D, 2010 WL 3245528, at * 5 (E.D.N.C. Aug. 17, 2010) (unpublished) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir.

2009)); *see also Aliff v. Joy Mfg.*, 914 F.2d 39, 42 (4th Cir. 1990); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

### 1. *Res Judicata* Applies to the Bankruptcy Court's Order.

The Bankruptcy Court's orders are applicable to Deutsche Bank under *res judicata* and/or claim preclusion. As noted by the United States Supreme Court in *Katschen v. Landy*:

> The normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376-377; *Stoll v. Gottlieb*, 305 U.S. 165. More specifically, a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined, *Wiswall v. Campbell*, 93 U.S. 347, 351; and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim. *Sampsell v. Imperial Paper Corp.*, 313 U.S. 215, 218-219; *Lesser v. Gray*, 236 U.S. 70, 75.

*Katchen v. Landy*, 382 U.S. 323, 334 (1966); *see also Rymer v. Estate of Sorrells By and Through Sorrells*, 127 N.C. App. 266 (1997). Here, the Bankruptcy Court, applying federal and North Carolina law, issued a final order on the Gilberts and Parker-Lowe's proofs of claims.

### 2. Privity Exists between Deutsche Bank and GMACM.

According to the Western District of North Carolina, "*[r]es judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Jones v. First Franklin Loan Servs.*, No. 3:10-CV-360-FDW-DSC, 2011 WL 972518, at *4 (W.D.N.C. Mar. 15, 2011)) (citing *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 966 (3d Cir.1991)). The Western District of North Carolina noted, "It is apparent that a mortgage servicer would have a close and significant enough relationship with the lender to demonstrate the requisite level of privity necessary to invoke protection under *res judicata." Id.* at 5; *see R.G. Financial Corp. v. Vergara–Nunez,* 446 F.3d 178, 187 (1st Cir.2006) ("Typically, a mortgage servicer acts as the

agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, *it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of the same transaction.*" (emphasis added)). Here, Deutsche Bank and GMACM, as servicer, demonstrate the requisite privity for *res judicata* to apply.

### 3. The Claims in this Action Are Identical to the Claims Ruled on by the Bankruptcy Court.

#### a. The Gilberts' UDTPA claim for failing to make material disclosures and failing to rescind under TILA are barred by res judicata.

The Gilberts assert a claim against Deutsche Bank for unfair trade practices pursuant to North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA), codified at North Carolina General Statutes § 75–1.1. To state a plausible claim for violation of the UDTPA, a plaintiff must plead that the "(1) defendants committed an unfair or deceptive act or practice, (2) in or affecting commerce and (3) plaintiff was injured as a result." *Phelps–Dickson Builders, L.L.C. v. Amerimann Partners,* 172 N.C.App. 427, 439, 617 S.E.2d 664 (2005). The act covers both unfair and deceptive acts or practices. Unfair practices "offend [ ] established public policy," including "immoral, unethical, oppressive, unscrupulous, or substantially injurious" acts. *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.,* 323 N.C. 559, 374 S.E.2d 385 (1988). Courts look to "the effect of the practice on the marketplace" to assess an alleged act's unfairness. *Marshall v. Miller,* 302 N.C. 539, 548, 276 S.E.2d 397 (1981). This inquiry depends heavily on the facts of each case. *In re McClendon,* 488 B.R. 876, 894 (Bankr.E.D.N.C. 2013). The party asserting that a practice was deceptive "need not show fraud, bad faith, deliberate acts of deception or actual deception, but must show that the acts had a tendency or capacity to mislead or created the likelihood of deception." *Walker v. Branch Banking Trust Co.,* 133 N.C.App. 580, 515 S.E.2d 727 (1999).

6

In their Amended Complaint, the Gilberts claim that Deutsche Bank violated the UDTPA by "(a) failing to make material disclosures pursuant to the requirements of the federal Truth in Lending Act; (b) failing to take affirmative steps to cancel the plaintiffs' Deed of Trust upon their notice of rescission; [and] (c) failing to honor plaintiffs' exercise of rescission[.]" Am. Compl. ¶ 125. These three bases for the Gilberts' UDTPA claim are each barred by *res judicata*.

Both the United States Court of Appeals for the Fourth Circuit and the Bankruptcy Court have held that the Gilberts' UDTPA claim based upon the lender's alleged failure to make TILA disclosures fails to state a claim. The Fourth Circuit upheld the district court's dismissal of the Gilberts' UDTPA claim, which was based on the loan originator's alleged failure to make TILA disclosures at origination. *Gilbert*, 678 F.3d at 280. According to the Fourth Circuit, "unfair practice claims pursuant to ...§ 75–1.1 cannot be assigned." *Id.* at 280 (citing *Investors Title Ins. Co. v. Herzig,* 330 N.C. 681, 413 S.E.2d 268, (1992)). Similarly, the Bankruptcy Court held that the Gilberts' claim for TILA disclosure violations must be disallowed. *In re Residential Capital, LLC*, 501 B.R. 531, 543-44 (Bankr. S.D.N.Y. 2013) *on reconsideration in part,* 528 B.R. 570 (Bankr. S.D.N.Y. 2014). Accordingly, this portion of the Gilberts' UDTPA claim is barred as a matter of law and should be dismissed with prejudice.

The Gilberts also allege that Deutsche Bank, via GMACM's actions, violated the UDTPA by "failing to take affirmative steps to cancel the plaintiffs' Deed of Trust upon their notice of rescission" and "refusing to honor plaintiffs' exercise of rescission." Am. Compl. ¶ 125. The Bankruptcy Court, however, has already held that GMACM's conduct in denying the Gilberts' demand for rescission did not rise to the level of unfair or deceptive practices as defined by the UDTPA.[3] As noted above, GMACM was in privity with Deutsche Bank for purposes of *res*

[3] According to the Bankruptcy Court:

*judicata*. Therefore, the Gilberts' UDTPA claim based upon the failure to cancel their Deed of Trust or rescind their loan is barred as a matter of law and should be dismissed with prejudice.

        *b. The Gilberts' claim for attempted wrongful foreclosure is barred by res judicata.*

The Gilberts' claim for Attempted Wrongful Foreclosure against Deutsche Bank is barred by *res judicata* as well. As held by the Bankruptcy Court, "Since the [Gilberts'] foreclosure never resulted in a sale or transfer of the property, the Court concludes that this cause of action fails as a matter of law."[4] *In re Residential Capital, LLC*, 501 B.R. at 540-43.

North Carolina case law does not recognize a cause of action for an **attempted** wrongful foreclosure, as the claim itself requires actual completion of a foreclosure sale and conveyance of the mortgaged property to a third-party.[5] *See id.* ("Neither party nor the Court has found any authority concerning a claim for 'attempted' wrongful foreclosure. At least on the facts alleged here, the Court concludes that no such cause of action (or, for conspiracy to attempt a wrongful foreclosure) exists."). The few North Carolina cases that even address a claim of wrongful

---

        The Gilberts fail to allege conduct on behalf of GMACM which evinces unfairness to the point of immorality, oppressiveness, or offense to established public policy. GMACM responded to the Gilberts' request promptly. GMACM stated their reasons for denial as a lack of "any material disclosure errors that would give rise to an extended right of rescission." Complaint, Ex. 6. GMACM closed their letter by offering to re-examine the demand if the Gilberts were able to produce "any documents or further information that sets forth the basis for the demand...." *Id.* Given the narrow basis for the Gilberts' TILA claim, as discussed above, GMACM's judgment in denying the rescission was not oppressive or underhanded. If GMACM's judgment was in error, the Gilberts' remedy is to be found under TILA, not UDTPA.

*In re Residential Capital, LLC*, 501 B.R. 531, 546-48 (Bankr. S.D.N.Y. 2013) *on reconsideration in part,* 528 B.R. 570 (Bankr. S.D.N.Y. 2014).

[4] Deutsche Bank notes that the Gilberts' claim of attempted wrongful foreclosure was not identified in their original proof of claim to the Bankruptcy Court. Their allegations of attempted wrongful foreclosure, however, were fully briefed for the Bankruptcy Court, which treated the claim as a proof of claim. The Bankruptcy Court ruled upon the claim of attempted wrongful foreclosure in its order.

[5] *Patterson v. DAC Corp. of North Carolina*, 66 N.C. App. 110, 310 S.E.2d 783, 785 (N.C. App. 1984) (citing *Davis v. Doggett*, 212 N.C. 589, 594, 194 S.E. 288, 291 (1937)).

foreclosure all involve completed foreclosures.[6] As noted by the Bankruptcy Court, the "foreclosure judgment of the Gilberts' property was reversed by the North Carolina Court of Appeals before it was finalized and a sale never occurred". *Id.* Because the Gilberts remain in possession of their property, the Court noted "it is unclear what the basis for damages would be." *Id.*

The Bankruptcy Court also held that the Gilberts failed to show that the attempted foreclosure was "wrongful." According to the Bankruptcy Court, "[t]he Gilberts do not assert that Deutsche Bank attempted to foreclose on their property in contravention of their loan agreement. Nor do the Gilberts dispute that they defaulted on their loan. In other words, the Gilberts have failed to allege that the attempted foreclosure was 'wrongful' in any meaningful sense." *Id.* Therefore, the Gilberts' claim for attempted wrongful foreclosure is barred as a matter of law and should be dismissed with prejudice.

## CONCLUSION

Accordingly, Defendant Deutsche Bank respectfully requests that this Court dismiss with prejudice the Gilberts' UDTPA claim for failing to make material disclosures and failing to rescind under TILA as well as the Gilberts' claim for attempted wrongful foreclosure. Additionally, Deutsche Bank respectfully requests that this Court strike paragraph thirteen of the Gilberts' Prayer for Relief in their First Amended Complaint, which requests "twice the amount of usurious interest pursuant to N.C. Gen. Stat. 24-2, et seq." The Gilberts' First Amended Complaint does not include a claim for usury.

RESPECTFULLY SUBMITTED, this the 2nd day of October, 2015.

**BRADLEY ARANT BOULT CUMMINGS LLP**

---

[6] *See generally* 21 N.C. INDEX 4TH MORTGAGES AND DEEDS OF TRUST § 142.

<u>s/Christian W. Hancock</u>
Christian W. Hancock (N.C. Bar No. 39259)
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
[chancock@babc.com](mailto:chancock@babc.com)

*ATTORNEY FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2nd, 2015, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson
Kellam, Simpson, Loflin & Poe
2901 Coltsgate Road, Suite 102
Charlotte, North Carolina 28211
*CO-DEFENDANT*

s/Christian W. Hancock