IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

REX T. GILBERT, JR and DANIELA L.
GILBERT,

                *Plaintiffs*,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS, INC.,
DAVID A. SIMPSON, P.C., SUBSTITUTE
TRUSTEE, RESIDENTIAL FUNDING,
LLC, GMAC MORTGAGE, LLC and
OCWEN LOAN SERVICING, LLC,

                *Defendan*ts.

## DEFENDANT OCWEN LOAN SERVICING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** defendant Ocwen Loan Servicing, LLC ("Defendant"), by and through its counsel of record, and answers plaintiffs Rex T. Gilbert, Jr. and Daniela L. Gilbert's ("Plaintiffs") First Amended Complaint as follows:

### JURISDICTION

These paragraphs call for a series of legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

### PARTIES

1.      Upon information and belief, admitted.

2.      Defendant is without sufficient information to admit or deny the allegations of paragraph 2 and therefore denies them and demands strict proof thereof.

1

3.      Defendant is without sufficient information to admit or deny the allegations of paragraph 3 and therefore denies them and demands strict proof thereof.

4.      Defendant avers that no claims are set forth against Residential Funding, LLC and therefore it is not a proper party to this action.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 4 and therefore denies them and demands strict proof thereof.

5.      Defendant avers that no claims are set forth against GMAC Mortgage, LLC and therefore it is not a proper party to this action. Defendant admits that GMAC Mortgage, LLC previously serviced Plaintiffs' loan at issue in this action and filed for bankruptcy protection in 2012 and that Defendant currently services the loan at issue in this action.  However, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 5 and therefore denies them and demands strict proof thereof.

6.      Admitted.

## FACTUAL ALLEGATIONS

7.      Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

8.      Defendant is without sufficient information to admit or deny the allegations of paragraph 8 pertaining to where Plaintiffs live and therefore denies them and demands strict proof thereof.  The remaining allegations call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

9.      Defendant is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies them and demands strict proof thereof.

## MORTGAGE LOAN TRANSACTION

10.     Defendant is without sufficient information to admit or deny the allegations of paragraph 10 and therefore denies them and demands strict proof thereof.

11.     Defendant is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies them and demands strict proof thereof.

12.     Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies them and demands strict proof thereof.

13.     Defendant is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies them and demands strict proof thereof.

14.     Defendant is without sufficient information to admit or deny the allegations of paragraph 14 and therefore denies them and demands strict proof thereof.

15.     Defendant is without sufficient information to admit or deny the allegations of paragraph 15 and therefore denies them and demands strict proof thereof.

16.     Defendant is without sufficient information to admit or deny the allegations of paragraph 16 and therefore denies them and demands strict proof thereof.

17.     Defendant is without sufficient information to admit or deny the allegations of paragraph 17 and therefore denies them and demands strict proof thereof.

18.     Defendant is without sufficient information to admit or deny the allegations of paragraph 18 related to Plaintiffs' contact with Marco P. Garcia and therefore denies them and demands strict proof thereof.  Paragraph 18 also refers to a written document, the terms of which speak for themselves.  To the extent the allegations of paragraph 18 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

19.    Defendant is without sufficient information to admit or deny the allegations of paragraph 19 related to Plaintiffs receiving a copy of the appraisal and therefore denies them and demands strict proof thereof.  Paragraph 19 also refers to a written document, the terms of which speak for themselves.  To the extent the allegations of paragraph 19 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

20.    Defendant is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies them and demands strict proof thereof.

21.    Defendant is without sufficient information to admit or deny the allegations of paragraph 21 and therefore denies them and demands strict proof thereof.

22.    Defendant is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies them and demands strict proof thereof.

23.    Defendant admits that the loan documents are dated May 5, 2006.  However, Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 23 and therefore denies them and demands strict proof thereof.

24.    Defendant is without sufficient information to admit or deny the allegations of paragraph 24 and therefore denies them and demands strict proof thereof.

25.    Defendant is without sufficient information to admit or deny the allegations of paragraph 25 and therefore denies them and demands strict proof thereof.

26.    Defendant is without sufficient information to admit or deny the allegations of paragraph 26 and therefore denies them and demands strict proof thereof.

27.    Defendant is without sufficient information to admit or deny the allegations of paragraph 27 and therefore denies them and demands strict proof thereof.

28.     Defendant is without sufficient information to admit or deny the allegations of paragraph 28 and therefore denies them and demands strict proof thereof.

29.     Defendant is without sufficient information to admit or deny the allegations of paragraph 29 and therefore denies them and demands strict proof thereof.

30.     Defendant is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies them and demands strict proof thereof.

31.     Defendant is without sufficient information to admit or deny the allegations of paragraph 31 and therefore denies them and demands strict proof thereof.

32.     Defendant is without sufficient information to admit or deny the allegations of paragraph 32 and therefore denies them and demands strict proof thereof.

## MORTGAGE LOAN DOCUMENTS AND TRUTH IN LENDING RESCISSION

33.     Paragraph 33 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 33 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

34.     Paragraph 34 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 34 contradict the written terms of the document, Defendant denies those allegations. Paragraph 34 also calls for a legal conclusion to which no response is required.

35.     Paragraph 35 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 35 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

36.     Paragraph 36 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 36 contradict the written terms of the document,

5

Defendant denies those allegations. Paragraph 36 also calls for a legal conclusion to which no response is required.

37.     Defendant is without sufficient information to admit or deny the allegations of paragraph 37 and therefore denies them and demands strict proof thereof.

38.     Paragraph 38 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 38 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

39.     Paragraph 39 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 39 contradict the written terms of the document, Defendant denies those allegations. Paragraph 39 also calls for a legal conclusion to which no response is required.  Defendant denies the remaining allegations of paragraph 39 and demands strict proof thereof.

40.     Paragraph 40 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 40 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

41.     Paragraph 41 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 41 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

42.     Paragraph 42 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 42 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

43.     Paragraph 43 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 43 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

44.     Paragraph 44 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

45.     Paragraph 45 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

46.     Paragraph 46 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

47.     Defendant denies the allegations of paragraph 47 and demands strict proof thereof.

48.     Paragraph 48 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

49.     Defendant admits Exhibit 5 is attached to the Amended Complaint, but paragraph 49 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 49 contradict the written terms of the documents, Defendant denies those allegations. Paragraph 49 also calls for a legal conclusion to which no response is required.

50.     Paragraph 50 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 50 contradict the written terms of the document, Defendant denies those allegations and demand strict proof thereof.

51.     Defendant denies the allegations of paragraph 51 and demands strict proof thereof.

52.     Defendant admits that more than twenty (20) days have passed since Plaintiffs' demand for rescission. The remaining allegations of paragraph 52 call for conclusions of legal

opinions to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

53. Defendant is without sufficient information to admit or deny the allegations of paragraph 53 and therefore denies them and demands strict proof thereof. Paragraph 53 also calls for a legal conclusion to which no response is required.

54. Defendant is without sufficient information to admit or deny the allegations of paragraph 54 and therefore denies them and demands strict proof thereof. The remaining allegations of paragraph 54 calls for legal conclusion to which no response is required.

## ATTEMPTS AT A LOAN MODIFICATION

55. Defendant is without sufficient information to admit or deny the allegations of paragraph 55 and therefore denies them and demands strict proof thereof.

56. Defendant is without sufficient information to admit or deny the allegations of paragraph 56 and therefore denies them and demands strict proof thereof.

57. Defendant is without sufficient information to admit or deny the allegations of paragraph 57 and therefore denies them and demands strict proof thereof.

58. Paragraph 58 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 58 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

59. Defendant is without sufficient information to admit or deny the allegations of paragraph 59 and therefore denies them and demands strict proof thereof.

60. Defendant is without sufficient information to admit or deny the allegations of paragraph 60 and therefore denies them and demands strict proof thereof.

61.     Defendant is without sufficient information to admit or deny the allegations of paragraph 61 and therefore denies them and demands strict proof thereof.

62.     Paragraph 62 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 62 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

63.     Paragraph 63 refers to written documents, the terms of which speak for themselves. To the extent the allegations of paragraph 63 contradict the written terms of the documents, Defendant denies those allegations and demands strict proof thereof.

64.     Defendant is without sufficient information to admit or deny the allegations of paragraph 64 and therefore denies them and demands strict proof thereof.

65.     Defendant is without sufficient information to admit or deny the allegations of paragraph 65 and therefore denies them and demands strict proof thereof.

66.     Defendant is without sufficient information to admit or deny the allegations of paragraph 66 and therefore denies them and demands strict proof thereof.

67.     Defendant is without sufficient information to admit or deny the allegations of paragraph 67 and therefore denies them and demands strict proof thereof.

68.     Defendant is without sufficient information to admit or deny the allegations of paragraph 68 and therefore denies them and demands strict proof thereof.

69.     Paragraph 69 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 69 contradict the written terms of the document, Defendant denies those allegations.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 69 and therefore denies them and demands strict proof thereof.

70.     Defendant is without sufficient information to admit or deny the allegations of paragraph 70 and therefore denies them and demands strict proof thereof.

71.     Paragraph 71 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 71 contradict the written terms of the document, Defendant denies those allegations.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 71 and therefore denies them and demands strict proof thereof.

72.     Defendant is without sufficient information to admit or deny the allegations of paragraph 72 and therefore denies them and demands strict proof thereof.

73.     Paragraph 73 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 73 contradict the written terms of the document, Defendant denies those allegations.

## CONTINUED DEBT COLLECTION ACTIVITIES

74.     Paragraph 74 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

75.     Defendant is without sufficient information to admit or deny the allegations of paragraph 75 and therefore denies them and demands strict proof thereof.

76.     Defendant is without sufficient information to admit or deny the allegations of paragraph 76 and therefore denies them and demands strict proof thereof.

77.     Paragraph 77 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

78.     Paragraph 78 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 78 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

79.     Paragraph 79 also calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

80.     Defendant is without sufficient information to admit or deny the allegations of paragraph 80 and therefore denies them and demands strict proof thereof. Paragraph 80 also refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 80 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

81.     Defendant is without sufficient information to admit or deny the allegations of paragraph 81 and therefore denies them and demands strict proof thereof. Paragraph 81 also calls for a legal conclusion to which no response is required.

82.     Paragraph 82 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 82 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

83.     Paragraph 83 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

84.     Paragraph 84 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 84 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof. Defendant is also without sufficient information to admit or deny the allegations of paragraph 84 and therefore denies them and demands strict proof thereof.

85.     Defendant is without sufficient information to admit or deny the allegations of paragraph 85 and therefore denies them and demands strict proof thereof.

86.     Defendant is without sufficient information to admit or deny the allegations of paragraph 86 and therefore denies them and demands strict proof thereof.

87.     Defendant is without sufficient information to admit or deny the allegations of paragraph 87 and therefore denies them and demands strict proof thereof.  Paragraph 87 also calls for a legal conclusion to which no response is required.

88.     Defendant admits that it currently services the loan at issue in this action.  The remaining allegations of paragraph 88 refer to a written document, the terms of which speak for themselves.  To the extent the allegations of paragraph 88 contradict the written terms of the document, Defendant denies those allegations and demands strict proof thereof.

89.     Paragraph 89 refers to written documents, the terms of which speak for themselves.  To the extent the allegations of paragraph 89 contradict the written terms of the document, Defendant denies those allegations.

### ROBO-SIGNING

90.     Paragraph 90 refers to written documents, the terms of which speak for themselves.  To the extent the allegations of paragraph 90 contradict the written terms of the documents, Defendant denies those allegations and demands strict proof thereof.

91.     Paragraph 91 refers to a written document, the terms of which speak for themselves.  To the extent the allegations of paragraph 91 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

92.     Paragraph 92 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 92 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

93.     Paragraph 93 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

94.     Defendant admits that Plaintiffs' loan was originated by First National Bank of Arizona. Defendant admits that the party that sought to foreclose was Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6. Defendant admits that Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 is a securitized trust which includes numerous mortgage loans. Any and all remaining allegations in paragraph 94 are denied and Defendant demands strict proof thereof.

95.     Paragraph 95 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 95 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

96.     Paragraph 96 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 96 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

97.     Paragraph 97 refers to a written document, the terms of which speak for themselves. To the extent the allegations of paragraph 97 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

98.     Paragraph 98 refers to a written document, including but not limited to any and all subparts, the terms of which speak for themselves. To the extent the allegations of paragraph 98

contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

99.     Paragraph 99 refers to a written document, including but not limited to any and all subparts, the terms of which speak for themselves. To the extent the allegations of paragraph 99 contradict the written terms of the document, Defendant denies those allegations demands strict proof thereof.

100.    Defendant is without sufficient information to admit or deny the allegations of paragraph 100 and therefore denies them and demands strict proof thereof.

101.    Defendant is without sufficient information to admit or deny the allegations of paragraph 101 and therefore denies them and demands strict proof thereof.

102.    Defendant is without sufficient information to admit or deny the allegations of paragraph 102 and therefore denies them and demands strict proof thereof.

103.    Defendant is without sufficient information to admit or deny the allegations of paragraph 103 and therefore denies them and demands strict proof thereof.

104.    Defendant is without sufficient information to admit or deny the allegations of paragraph 104 and therefore denies them and demands strict proof thereof.

105.    Defendant is without sufficient information to admit or deny the allegations of paragraph 105 and therefore denies them and demands strict proof thereof.

106.    Defendant is without sufficient information to admit or deny the allegations of paragraph 106 and therefore denies them and demands strict proof thereof.

107.    Defendant is without sufficient information to admit or deny the allegations of paragraph 107 and therefore denies them and demands strict proof thereof.

108. Defendant is without sufficient information to admit or deny the allegations of paragraph 108 and therefore denies them and demands strict proof thereof.

109. Defendant is without sufficient information to admit or deny the allegations of paragraph 109 and therefore denies them and demands strict proof thereof.

110. Paragraph 110 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## CLAIMS FOR RELIEF
## STATEMENT OF NATURE OF CLAIMS ASSERTED

111. Paragraph 111 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF TRUTH IN LENDING AGAINST DEFENDANT DEUTSCHE

Plaintiffs' First Claim for Relief including, but not limited to, paragraphs 112 – 123, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations and demands strict proof thereof.

## SECOND CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE ACTS AND PRACTICES
## PURSUANT TO N.C. GEN. STAT. 75-1.1
## AGAINST DEFENDANT DEUTSCHE

Plaintiffs' Second Claim for Relief including, but not limited to, paragraphs 124 – 126, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations and demands strict proof thereof.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF NORTH CAROLINA'S PROHIBITED ACTS BY DEBT
### COLLECTORS
### UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### PURSUANT TO N.C. GEN. STAT. 75-50, ET. SEQ.
### AGAINST DEFENDANT DEUTSCHE

Plaintiffs' Third Claim for Relief including, but not limited to, paragraphs 127 – 132, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations.

### FOURTH CLAIM FOR RELIEF
### ATTEMPTED WRONGFUL FORECLOSURE
### AGAINST DEFENDANT DEUTSCHE

Plaintiffs' Fourth Claim for Relief including, but not limited to, paragraphs 133 – 144, are not set forth against Defendant and therefore do not require a response. In the event responses are required, Defendant denies all allegations and demands strict proof thereof.

### FIFTH CLAIM FOR RELIEF
### VIOLATIONS OF NORTH CAROLINA'S PROHIBITED ACTS BY DEBT
### COLLECTORS
### UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### PURSUANT TO N.C. GEN. STAT. 75-50, ET. SEQ.
### AGAINST DEFENDANT OCWEN

145.    Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

146.    Paragraph 146 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

147.    Paragraph 147 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

148.    Paragraph 148 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

149.    Defendant denies the allegations of paragraph 149, including but not limited to all subparts, and demands strict proof thereof.

150.    Defendant denies the allegations of paragraph 150 and demands strict proof thereof.

**SIXTH CLAIM FOR RELIEF**
**UNFAIR AND/OR DECEPTIVE ACTS AND PRACTICES**
**IN VIOLATION OF N.C. GEN. STAT. § 75-1.1**
**AGAINST DEFENDANT OCWEN**

151.    Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

152.    Paragraph 152 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

153.    Paragraph 153 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

**PLAINTIFF'S FIRST MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS**
**TO PRESERVE THE STATUS QUO AND TO PREVENT DELAYING TACTICS BY**
**PROHIBITING THE ASSIGNMENT OF THE MORTGAGE OR SERVICING RIGHTS**
**DURING THE COURSE OF THE LITIGATION**

154.    Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

155.    Paragraph 155 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

156.    Defendant denies the allegations of paragraph 156 and demands strict proof thereof.

157.    Defendant denies the allegations of paragraph 157 and demands strict proof thereof.

158.    Defendant denies the allegations of paragraph 158 and demands strict proof thereof.

**PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS**
TO PRESERVE THE STATUS QUO AND TO RESTRAIN A FORECLOSURE SALE DURING THE COURSE OF THIS LITIGATON, WHICH WOULD OTHERWISE CAUSE IRREPERABLE HARM TO PLAINTIFFS

159.     Defendant incorporates the statements, reservations, and defenses asserted in the previous paragraphs as though fully set forth herein.

160.     Paragraph 160 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations and demands strict proof thereof. Defendant avers that Plaintiff's second motion is moot because there is not a pending foreclosure action. The remaining allegations in paragraph 160 are denied.

161.     Defendant denies the allegations of paragraph 161 and demands strict proof thereof.

162.     Defendant denies the allegations of paragraph 162 and demands strict proof thereof.

163.     Defendant is without sufficient information to admit or deny the allegations of paragraph 163 and therefore denies them and demands strict proof thereof.

In response to the "WHEREFORE" paragraphs Request for Relief following paragraph 163, Defendant denies the allegations and demands strict proof thereof.  Defendant further avers that subparagraph 13 be stricken as this requested relief is not related to any claim set forth in Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(General Denial of Allegations)**

To the extent not specifically admitted herein, Defendant denies all material allegations contained in Plaintiffs' First Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' First Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Condition Precedent)

Plaintiffs' TILA rescission claims are barred for failure to satisfy a condition precedent.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Tender)

Plaintiffs' TILA rescission claim is barred for Plaintiffs' failure to tender.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred because Plaintiffs failed, neglected, and refused to mitigate the damages alleged and therefore are barred from recovery.

## SIXTH AFFIRMATIVE DEFENSE
### (No Right to Punitive Damages)

Plaintiffs fail to set forth a valid claim for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Right to Treble Damages)

Plaintiffs fail to set forth a valid claim for treble damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Right to Attorneys' Fees)

Plaintiffs fail to set forth a valid claim for attorneys' fees.

## NINTH AFFIRMATIVE DEFENSE
### (Set-Off)

In the event Plaintiffs are entitled to any damages Defendant is entitled to a set-off of said damages in the amount of any and all damages Defendant has incurred.

## TENTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Plaintiffs request for equitable relief is barred by unclean hands, waiver, mistake and/or estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

In addition to the defenses set forth herein, Defendant alleges presently that it has insufficient knowledge of information upon which to form a belief whether it may have additional, as yet unstated, affirmative defenses. Accordingly, Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**WHEREFORE,** Defendant prays that:

1.	Plaintiffs' First Amended Complaint is dismissed with prejudice as to Defendant, and Plaintiffs have and recover nothing of it, including, but not limited to, any and all monetary damages and equitable relief;

2.	The costs of this action be taxed against Plaintiffs;

3.	Defendant recover all fees and costs incurred in defense of this action; and

4.	Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 19th day of November, 2015.

**BRADLEY ARANT BOULT CUMMINGS LLP**

s/ Christian W. Hancock
Christian W. Hancock (N.C. Bar No. 39259)
Nicholas J. Voelker (N.C. Bar No. 35841)
Bank of America Corporate Center
100 N. Tryon St., Suite 2690
Charlotte, NC  28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile

*Attorneys for Defendant Deutsche Bank Trust Company*
*Americas, as Trustee for Residential Accredit Loans, Inc.*
*Series 2006-QA6 and Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2015 a copy of the foregoing was served by electronic mail

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
katerine@ocracokelaw.com

*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have served the document by mail to the following:

David A. Simpson
Kellam, Simpson, Loflin & Poe
2901 Coltsgate Road, Suite 102
Charlotte, North Carolina 28211

*CO-DEFENDANT*

s/ Christian W. Hancock
OF COUNSEL