THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

| | |
|---|---|
| REX T. GILBERT, JR., and | ) |
| DANIELA L. GILBERT, | ) |
|                 Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
| AMERICAS, *As Trustee for*, | ) |
| RESIDENTIAL ACCREDIT LOANS, INC, | ) |
| DAVID A. SIMPSON, P.C., Substitute Trustee, | ) |
| RESIDENTIAL FUNDING, LLC, GMAC | ) |
| MORTGAGE, LLC, and OCWEN LOAN | ) |
| SERVICING, LLC., | ) |
|                 Defendants. | ) |

**PLAINTIFFS REX T. GILBERT, JR. AND DANIELA L. GILBERT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS AND RESIDENTIAL ACCREDIT LOANS, INC.'S MOTION TO DISMISS PORTIONS OF COUNT TWO AND COUNT FOUR OF PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT**

NOW COME Rex T. Gilbert, Jr., and Daniela L. Gilbert ("Gilberts"), by and through their counsel of record, and respectfully submit this memorandum in opposition to Defendants Deutsche Bank Trust Company Americas and Residential Accredit Loans, Inc.s' motion to dismiss [D.E.78] wherein Defendants apparently seek to dismiss bullet points one, two, and three of paragraph 25 of Plaintiffs' Unfair Acts and Practices claim, and Count Four—Attempted Wrongful Foreclosure from Plaintiffs' First Amended and Restated Complaint. [D.E. 74].

## SUMMARY OF THE NATURE OF THE CASE

This action was instituted on 14 September 2009 in Hyde County Superior Court, in part, pursuant to N.C. Gen. Stat. § 45-21.34 for the purposes of enjoining a then pending foreclosure sale authorized by Order of the Honorable Marvin Blount in Hyde County File 09-SP-09, and raising legal and equitable defenses including, but not limited to, rescission pursuant to rights granted under the federal Truth in Lending Act (TILA), material disclosure violations of the TILA, unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et. seq*. A temporary restraining order was entered on 14 September 2009, enjoining the foreclosure sale scheduled for 22 September 2009 at 2:00 p.m. At the return of this matter on 1 October 2009, a preliminary injunction was issued, *inter alia*, enjoining the foreclosure sale during the pendency of this action.

On 14 October 2009, the then defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Residential Funding, LLC, and GMAC Mortgage, LLC, by and through counsel, removed this action to this court [D.E.1]. This Court dismissed this action in its entirety [D.E. 32]. On 3 May 2012, the United States Court of Appeals for the Fourth Circuit reversed this court's dismissal, and reinstated most of the Gilberts' claims [D.E. 55].

On 14 May 2012, defendants GMAC Mortgage LLC ("GMACM") and Residential Funding LLC, together with 50 other entities, filed for chapter 11 bankruptcy protection. The Fourth Circuit issued a stay of the mandate as to those two defendants until 10 April 2015, at which time this matter was returned to this court.

On 6 August 2015, this court entered a scheduling order which directed the parties to file motions for additional parties and to amend the pleadings by 18 September 2015 [D.E. 70]. The

Gilberts filed their First Amended and Restated Complaint on 15 September 2015 [D.E. 74]. Two of the remaining defendants filed their Amended Answer [D.E. 76] together with a Motion to Dismiss [D.E. 77] and supporting memorandum [D.E. 78] on 3 October 2015. The Gilberts now submit this memorandum in opposition to defendants' motion to dismiss on the basis of *res judicata*.

STATEMENT OF THE FACTS

On 5 May 2006, Rex Tyler Gilbert borrowed $525,000.00 from First National Bank of Arizona. Although Daniela Gilbert was not a co-borrower and did not execute the loan documents, she did execute a Deed of Trust to secure the loan. On 4 April 2009, the Gilberts exercised their extended right to rescind the transaction under the TILA by sending written notice. *Gilbert v. Residential Funding LLC*, 678 F.3d 271 (4th Cir. 2012). No defendant took any affirmative steps to unwind the transaction as required by the TILA. In fact, counsel for former defendant GMACM responded in writing, refusing to comply with the Act.

Defendants Deutsche Bank Trust Company Americas and Residential Accredit Loans, Inc. Series 2006-QA6 claim to be the owner and holder of plaintiffs' mortgage by and through a series of assignments. Contrary to defendants' assertion of an unbroken chain of endorsements, the North Carolina Court of Appeals determined that defendants failed to establish holder status of the Gilberts' note at the foreclosure hearing. *In the Matter of the Foreclosure by David A. Simpson,* __ N.C.App. __, 711 S.E.2d 165 (2011).

After defendant GMACM filed bankruptcy, the Gilberts filed proofs of claim with the bankruptcy court. Their claims included, *inter alia*, claims for unfair acts and practices pursuant to N.C. Gen. Stat. § 75-1.1 and attempted wrongful foreclosure. These claims, along with others, were disallowed as to the debtor (defendant) GMACM.

ARGUMENT

**The Gilberts' claims against the present defendants are not barred by *res judicata* because the present defendants were not parties to the Bankruptcy Court proceedings and are not in privity with GMACM.**

Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *See* Restatement (Second) of Judgments, §§ 13 et seq (1982); *Allen v. McCurry*, 449 U.S. 90, 94(1980); *Federal Deposit Ins. Corp. v. Jones*, 846 F.2d 221, 234-35 (4th Cir.1988).

Here, however, the present defendants in this action were not parties to the GMACM bankruptcy proceeding. The Bankruptcy Court's resolution of the Gilberts' proof of claim resolved matters as to the debtor defendant before it – GMACM. As the present defendants were not before the Bankruptcy Court, the Bankruptcy Court's decision was limited to matters regarding claims against GMACM and Residential Funding, LLC, not the present defendants.

Further, while a bankruptcy order resolving claims can serve as a final judgment on the merits, the GMACM order is not "a judgment on the merits in a prior suit resolving ... claims by the same parties or their privies," and the present suit is not a "subsequent suit based upon the same cause of action." *Ohio Valley Environmental Coalition v. Aracoma Coal*, 556 F.3d 177, 210 (4th Cir. 2009). Here, the Gilberts filed this action in the General Court of Justice for the County of Hyde. The then defendants removed the case to this court where it was dismissed in its entirety. Upon appeal to the United States Court of Appeals for the Fourth Circuit, the case was reinstated. Twelve days later, GMACM and Residential Funding, LLC filed for chapter 11. This action was stayed at the Fourth Circuit during the two defendants' bankruptcy proceedings. At the resolution of the GMACM claims process, this action was returned to this court. This action is not a "subsequent suit based upon the same cause of action." It is still the first action alleging

claims against Deutsche Bank and GMACM for which each was jointly and severally liable. *See United States v. Manning Coal Corp.*, 977 F.2d 117, 121 (4th Cir. 1992).

The decision in *Neighbors Law Firm, P.C. v. Highland Capital Mgmt. LP* (E.D.N.C., 2010) is instructive on this issue. In *Neighbors*, the plaintiffs sued Highland Capital Management LP and HySky Communications LLC for unpaid legal fees, costs and expenses. After the suit was filed, HySky Communications LLC filed for chapter 11 bankruptcy. The *Neighbor* plaintiffs filed proofs of claims in the bankruptcy proceeding for legal fees, costs, and expenses. The Plaintiffs' claims were disallowed. Upon release from the bankruptcy proceedings, the district court held that the *Neighbors* plaintiffs' claims against the bankrupt defendant HySky were barred by *res judicata*, but its claims were not barred against defendant Highland Capital Management LP.

The Gilberts' claims against the present defendants are not barred by res judicata because the present defendants were not parties to the bankruptcy proceeding, and their claims could not have been asserted in the GMACM bankruptcy proceeding against the present defendants.

It is perhaps stated best in the Restatement (Second) of Judgments § 49:

A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor.

It is also worth quoting portions of the Official Comment to that section:

   a. Rationale. When a person suffers injury as the result of the concurrent or consecutive acts of two or more persons, he has a claim against each of them. If he brings an action against one of them, he is required to present all of the evidence and theories of recovery that might be advanced in support of the claim against that obligor.... Correlatively, if judgment is rendered against him, he is barred from bringing a subsequent action against the obligor ... But the claim against others who are liable for the same harm is regarded as separate. Accordingly, a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor.

*Fate v. Dixon*, 649 F.Supp. 551 (E.D.N.C., 1986)

Here, the present defendants are independently liable for their own actions and inactions after they allegedly took possession of the Gilbert note and after the Gilberts gave proper notice of rescission. The Gilberts' claims against GMACM/Residential Funding LLC for TILA violations were dismissed by the bankruptcy court over the objections of the Gilberts and at the request of the debtors because the court found those defendants were neither the original lender nor an assignee of the original lender. Deutsche Bank Trust Company Americas and Residential Accredit Loans, Inc., however, claim even insist to date upon holder status of the note as assignees through various endorsements. Assignees are subject to liability under the TILA for both face violations and refusal to honor a timely exercise of rescission. 15 U.S.C. § 1635, 1641; *Gilbert v. Residential Funding LLC*, 678 F.3d 274 (4th Cir. 2012). In fact, these defendants did not dispute their assignee status in the Fourth Circuit. The Gilberts have never had an opportunity to litigate their claims against these defendants.

In contrast to *Jones v. First Franklin Loan Services*, No. 3:10-CV-360-FDW-DSC (W.D.N.C. Mar. 15, 2011) (lender and servicer located at same address) and *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006)(lender and servicer as wholly owned subsidiary) where the parties were the same in four successive suits, Deutsche Bank and Residential Accredit Loans were not a party to the GMACM bankruptcy proceedings.

Our Court of Appeals has held that when this court must make a determination on an issue such as privity, it must look to state common law. *See Harnett v. Billman*, 800 F.2d 1308 (C.A. 4(Va. 1986). "In general, `privity involves a person so identified in interest with another that he represents the same legal right.'" *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 417, 474 S.E.2d 127, 130 (quoting 47 Am.Jur.2d Judgments § 663 (1995))."Although the meaning of

"privity" has proven to be elusive, and "there is no definition of the word ... which can be applied in all cases," the prevailing definition in our cases, at least in the context of *res judicata* and collateral estoppel, is that privity "denotes a mutual or successive relationship to the same rights of property." *Id.* at 416-17, 474 S.E.2d at 130 (quoting *Hales v. N.C. Ins. Guar. Ass'n*, 337 N.C. 329, 333-34, 445 S.E.2d 590, 594 (1994) (citations omitted)). In determining whether such a privity relation exists, "`courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest.'" *Davenport v. Patrick*, 227 N.C. 686, 688, 44 S.E.2d 203, 205 (1947)).

Here, the relationship was neither mutual nor successive. GMACM was a servicer. Residential Funding, LLC was the master servicer. Deutsche Bank and Residential Accredit Loans claim to be the holder of the obligation. These defendants were not mutual nor successive; each party is jointly and severally liable.

The Gilberts' claims against the present defendants are not barred by res judicata.

**Deutsche Bank's liability under Chapter 75 for failing to make material disclosures; failing to take affirmative steps to cancel the deed of trust; and failing to honor the Gilberts' exercise of rescission is not barred by res judicata.**

Defendants correctly recite that "[t]he Fourth Circuit upheld the district court's dismissal of the Gilbert's UDTPA [sic] claim, which was based on the loan originator's alleged failure to make TILA disclosures at origination. From there, defendants jump to the unassignability of unfair and deceptive acts or practices under Chapter 75 and the bankruptcy court decision in support of its argument that these claims are "barred as a matter of law and should be dismissed with prejudice." [D.E. 78, p 7] This argument is erroneous.

First, the defendants did not contest the Gilberts' argument before the Fourth Circuit that "the district court's decision to dismiss their claim for rescission on the basis that Appellees are assignees and not creditors was improper." Finding no disagreement between the parties and reciting 15 U.S.C. § 1641(c), the Fourth Circuit held that this court's holding to the contrary was reversible error.

> Section 1641 (c) states" "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c).

*Gilbert v. Residential Funding LLC,* 678 F.3d 271, 278 (4th Cir., 2012). The Gilberts' UDAP claims against the present defendants do not arise from the misconduct of their assignors but arise from the actions and inactions of the defendants after they allegedly took possession of the paper and after the Gilberts gave proper notice of rescission. These defendants are liable on the TILA claims because federal law says that assignees are liable for those claims. These defendants are liable for the UDAP claims because they, not their predecessors, acted against public policy by refusing to cancel the DOT and proceeding with the foreclosure in violation of what was required of them under TILA. This is why the Fourth Circuit opined:

> "[A] violation of a consumer protection statute may, in some instances, constitute a per se violation of the UDTPA[,]" however. *In re Fifth Third Bank, Nat'l Ass'n-Vill. of Penland Litig*. 719 S.E.2d 171, 176 (N.C. Ct. App. 2011). Inasmuch as we have held that certain of the Gilberts' TILA and usury claims should go forward, and because we are of the opinion that the Gilberts have set forth a sufficient factual basis for these claims, we hold their unassigned NCUDTPA claims should be allowed to proceed as well.

*Gilbert v. Residential Funding LLC,* 678 F.3d 271, 280 (4th Cir., 2012).

Thus, as the defendants were not parties to the GMACM bankruptcy proceedings, these claims could not be litigated against them in the bankruptcy proceeding, and they are liable for

their own misconduct, not the misconduct of their predecessors, these claims are not barred as a matter of law.

> **The Gilberts' claim for attempted wrongful foreclosure is not barred by *res judicata*, North Carolina has recognized a claim for damages based upon attempted foreclosure, and the attempted foreclosure was wrongful.**

As argued above, the claims against the present defendants are not barred by res judicata because the present defendants were not parties to the bankruptcy proceedings, and these claims could not have been asserted in the GMACM bankruptcy proceeding against the present defendants. Further, the present defendants are liable for their own actions or inactions after they took possession of the Gilbert note in proceeding to foreclosure and the manner in which the foreclosure was pursued after the Gilberts gave proper notice of rescission.

In its brief, defendants assert that "[n]either party nor the Court has found any authority concerning a claim for "attempted" wrongful foreclosure." North Carolina common law does, however, recognize such a tort/civil wrong. See *Brown v. M & J Finance Corp.*, 152 S.E.2d 97, 269 N.C. 255 (1967) and *Worley v. Worley*, 214 N.C. 311, 199 S.E.82 (1938).

*Brown v. M & J Finance Corp.*, 152 S.E.2d 97, 269 N.C. 255 (1967), involved an attempted foreclosure which was alleged to be wrongful. Plaintiffs owned a house and lot. Defendant caused the trustee to advertise plaintiffs' home for sale. Plaintiffs were trying to buy another house from a Mr. Hill. Hill saw the advertisement in the newspaper and alerted the plaintiffs. The plaintiffs saw the notice posted in the courthouse that their home was advertised for sale. They employed a lawyer, and the sale was stopped. The case was dismissed by the trial court for non suit. On appeal, the Court of Appeals, quoting *Worley v. Worley*, 214 N.C. 311, 199 S.E.82 (1938)( A mortgagor is entitled to recover damages attributable to the mortgagee for a wrongful advertising or foreclosure of the mortgage.) reversed the dismissal allowing the

evidence to go to the jury. *Worley* states explicitly "Action to recover damages for wrongful advertisement of plaintiffs' land in attempted foreclosure of defendant's mortgage." *Id*.

Further, while *Patterson v. DAC Corp. of North Carolina*, 66 N.C. App. 110, 310 S.E2d 783 (1984) is a completed foreclosure case where the claims were found to be barred by the statute of limitations, the case is still instructive because it holds that "the claim [for wrongful foreclosure and thus attempted wrongful foreclosure] is actually based on fraud. *Id*. at __, 786. (quoting *Massengill v. Oliver*, 221 N.C. 132, 134, 19 S.E.2d 253, 255 (1942).

Here, plaintiffs have alleged, *inter alia*, that the Allonge to the promissory note and the affidavits advanced in the state court foreclosure proceeding were false representations, made by the present defendants through their agents and representatives with the intent to deceive the plaintiffs, did in fact deceive the plaintiffs, and they were damaged. See D.E. 74, ¶¶ 34-40, ¶¶ 90-110. Contrary to defendants' assertion "it is unclear what the basis for damages would be[]," the Gilberts had to hire an attorney and pursue an appeal to the North Carolina Court of Appeals to stop the attempted foreclosure.

To the extent the present defendants rely upon the bankruptcy court decision for protection against liability for the attempted wrongful foreclosure, this reliance is misplaced. Unlike GMACM which was found not to be a party to the state court foreclosure proceeding, Deutsche Bank was the petitioner in that proceeding. Deutsche Bank is liable for its actions and inactions after they allegedly took possession of the paper and proceeded to foreclosure after the Gilberts' gave notice of rescission, using defective endorsements and fraudulent affidavits. The Gilberts have stated a claim against Deutsche Bank for attempted wrongful foreclosure.

## CONCLUSION

The Gilberts respectfully request that this Court deny the present defendants' motion to dismiss.

Respectfully submitted, November 19, 2015.

/s/ Katherine S. Parker-Lowe
Katherine S. Parker-Lowe
Attorney for Plaintiffs
NC State Bar #13318
35 Miss Elecia Lane, Suite 101
Post Office Box 730
Ocracoke, NC 27960
Phone: 252-928-1000
Fax: 252-928-1002
katherine@ocracokelaw.com

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

| | |
|---|---|
| REX T. GILBERT, JR. and | ) |
| DANIELA L. GILBERT, | ) |
|                 Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
| AMERICAS, *As Trustee for*, | ) |
| RESIDENTIAL ACCREDIT LOANS, INC, | ) |
| DAVID A. SIMPSON, P.C., Substitute Trustee, | ) |
| RESIDENTIAL FUNDING, LLC, GMAC | ) |
| MORTGAGE, LLC, and OCWEN LOAN | ) |
| SERVICING, LLC., | ) |
|                 Defendants. | ) |
| | ) |

CERTIFICATE OF SERVICE

I hereby certify that on 19 November 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Nicholas Voelker and Christian W. Hancock and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson, P.C.
c/o David A. Simpson
501 Minuet Lane, Suite 104A
Charlotte, NC 28217

This the 19th day November 2015.

                                          /s/Katherine S. Parker-Lowe
                                          Katherine S. Parker-Lowe
                                          Attorney for Plaintiffs