IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR and DANIELA L. GILBERT, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC AND GMAC MORTGAGE, LLC, <br><br> *Defendan*ts. | |

### DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PORTIONS OF COUNT TWO AND COUNT FOUR OF PLAINTIFFS' FIRST AMENDED COMPLAINT

**NOW COMES** Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6 ("Deutsche Bank"), by and through its counsel of record, and respectfully submits this reply ("Reply") in further support of its motion to dismiss ("Motion to Dismiss") portions of Count Two[1] and Count Four of Plaintiffs Rex T. Gilbert, Jr., and Daniela L. Gilbert's ("Plaintiffs" or "the Gilberts") First Amended Complaint. Contrary to the Gilberts' attempts to argue otherwise in their memorandum in opposition ("Memorandum in

---

[1] As noted in Deutsche Bank's Motion to Dismiss, Deutsche Bank moves to dismiss bullet points one, two, and three of paragraph 25 of Plaintiffs' Unfair and Deceptive Trade Practices Claim against Deutsche Bank.

1

Opposition"), privity exists between GMAC Mortgage, LLC ("GMACM") and Deutsche Bank for purposes of *res judicata*, and therefore portions of Count Two and Count Four of Plaintiff's first amended complaint should be dismissed with prejudice.

## I. ARGUMENT

The Gilberts' Memorandum in Opposition hinges on whether or not Deutsche Bank was in privity with GMAC Mortgage, LLC ("GMACM") for purposes of *res judicata*.[2] Unlike the cases cited by Deutsche Bank in its Motion to Dismiss, the cases cited by the Gilberts do not involve a mortgage lender and mortgage servicer. In *United States v. Manning Coal Corp.*, the Court of Appeals for the Fourth Circuit addressed the Surface Mining Control and Reclamation Act and held that a mining company and mineral owner were not in privity for purposes of *res judicata*. 977 F.2d 117, 121 (4th Cir. 1992), *as amended* (Jan. 20, 1993) ("It is hardly consistent for Manning Coal to assert that it was in privity with Red River when in the consolidated appeal it complained loudly that Red River had failed to advance its interests in the earlier litigation with the government."). In *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, also relied upon by the Gilberts, the Eastern District of North Carolina did not even address the issue of privity as neither party appeared to argue that privity existed between Highlands Capital Management and HySky Communications, LLC. No. 5:09-CV-352-F, 2010 WL 5477260 (E.D.N.C. Dec. 28, 2010).

---

[2] The Gilberts also appear to allege that this suit is not a "subsequent suit based upon the same cause of action" and instead argue, without support, that this case is still the "first action alleging claims against Deutsche Bank and GMACM . . . ." (Doc. 84 at 4-5.) They offer no case law, however, that actually stands for this proposition. In fact, in the case cited by the Gilberts, *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, the district court held that *res judicata* applied to a lawsuit that had been stayed when one of the defendants filed for bankruptcy. No. 5:09-CV-352-F, 2010 WL 5477260 (E.D.N.C. Dec. 28, 2010). In *Neighbors Law Firm, P.C.*, the plaintiff filed suit in state court against two defendants. During the pendency of the suit, one of the defendants filed for bankruptcy and the state court suit was stayed pending resolution of the bankruptcy suit. The bankruptcy court later disallowed the plaintiff's claims in the bankruptcy suit. The court in *Neighbors Law Firm, P.C.*, held that the bankruptcy court's order disallowing the plaintiff's claim against the bankrupt defendant constituted a final judgment, the claims were identical in both actions, and therefore those same claims were barred by *res judicata* against the bankrupt defendant. *Id.* at *4.

The Gilberts appear to argue that a lender and servicer are only in privity if they are located at the same address or one is a wholly-owned subsidiary of the other. (Doc. 84 at 6.) In contrast to the Gilberts' claim, courts have repeatedly held that privity exists between a servicer and lender, even when the two are separate entities. For example, *Bailey v. Deutsche Bank Trust Co. Americas* involved identical defendants to those in this case: GMACM, as servicer, and Deutsche Bank, as holder of the note. The *Bailey* court held, **"Defendant [Deutsche Bank] is in privity with the party to the prior action, GMAC Mortgage, LLC ('GMAC') for purposes of *res judicata*."** No. 3:13-CV-00001 CAR, 2013 WL 820411, at *2 (M.D. Ga. Mar. 5, 2013) (emphasis added). According to the court, "Defendant [Deutsche Bank], as trustee of the trust containing Plaintiff's loan, is in privity with GMAC, the party to the prior action and servicer of Plaintiff's loan. Both GMAC and Defendant [Deutsche Bank] shared a concurrent interest in collecting the debt owed by Plaintiff and enforcing the same property right, which was secured by the Property." *Id.* at *3. Similarly, in *Wolverton v. MortgageIt, Inc.*, the U.S. District Court of Nevada held that GMACM, was in privity with the lender MortgageIt "because as the mortgage servicer, GMACM is the agent of the lender, MortgageIt." No. 2:11-CV-00628-GMN-PA, 2011 WL 5117573, at *3 (D. Nev. Oct. 24, 2011).

As noted by the Eastern District of Virginia in *Buzzell v. JP Morgan Chase Bank*, "Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, 'it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of the same transaction.'" *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2014 WL 3767118, at *6 (E.D. Va. July 31, 2014) *reconsideration denied,* No. 3:13-CV-668, 2014 WL 4542422 (E.D. Va. Sept. 11, 2014 (quoting *R.G. Fin. Corp. v. Vergara–Nunez,* 446 F.3d 178, 187 (1st Cir.2006)); *see also Sepehry-Fard v.*

*Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *5 (N.D. Cal. Mar. 10, 2015); *Sepehry-Fard v. Nationstar Mortgage LLC*, No. 14-CV-03218-LHK, 2015 WL 332202, at *13 (N.D. Cal. Jan. 26, 2015); *Bellot v. Wells Fargo Bank, N.A.*, No. CIV.A. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014); and *Duke v. Nationstar Mortgage, L.L.C.*, 893 F. Supp. 2d 1238, 1248-49 (N.D. Ala. 2012). No such rare case exists here, and, as in *Bailey v. Deutsche Bank Trust Co. Americas*, GMACM and Deutsche Bank are in privity for purposes of *res judicata*.

Because privity exists between GMACM and Deutsche Bank the doctrine of *res judicata* bars the Gilberts' UDTPA claim for failing to make material disclosures under TILA, their UDTPA claim for failing to rescind their loan under TILA, and their claim for attempted wrongful foreclosure. As a result, these claims fail to state a claim upon which relief can be granted because they are barred by *res judicata*.

## CONCLUSION

Therefore, for the reasons stated above and in Deutsche Bank's Motion to Dismiss and Memorandum of Law in support of its Motion to Dismiss, Deutsche Bank respectfully requests that this Court dismiss with prejudice the Gilberts' UDTPA claim for failing to make material disclosures and failing to rescind under TILA as well as the Gilberts' claim for attempted wrongful foreclosure because these claims are barred by *res judicata* and, consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, fail to state any claim upon which relief may be granted.

RESPECTFULLY SUBMITTED, this the 3rd day of December, 2015.

**BRADLEY ARANT BOULT CUMMINGS LLP**

<u>s/Christian W. Hancock</u>
Christian W. Hancock (N.C. Bar No. 39259)
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
chancock@babc.com

*ATTORNEY FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS*

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson
Kellam, Simpson, Loflin & Poe
2901 Coltsgate Road, Suite 102
Charlotte, North Carolina 28211
*CO-DEFENDANT*

s/Christian W. Hancock