IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-181-D

| | | |
|---|---|---|
| REX T. GILBERT, JR., and DANIELA L. GILBERT, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., Substitute Trustee, RESIDENTIAL FUNDING, LLC, and GMAC MORTGAGE, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

On October 2, 2015, Deutsche Bank Trust Company Americas ("Deutsche Bank") moved to dismiss a portion of count two and all of count four in plaintiffs' first amended complaint. See [D.E. 77]; Fed. R. Civ. P. 12(b)(6). On November 19, 2015, Rex T. Gilbert, Jr., and Daniela L. Gilbert ("Gilberts" or "plaintiffs") responded in opposition. See [D.E. 84]. On December 3, 2015, Deutsche Bank replied. See [D.E. 85]. As explained below, Deutsche Bank's motion to dismiss is granted in part and denied in part.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a

court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

The Gilberts seek to recover from Deutsche Bank for (1) violating federal truth in lending laws and regulations; (2) violating North Carolina's Unfair and Deceptive Trade Practices Act (count two); (3) violating N.C. Gen. Stat. § 75-50 et seq. (count three); and (4) attempted wrongful foreclosure under North Carolina law (count four). See First Am. Compl. [D.E. 74] ¶¶ 112–44. Deutsche Bank asks this court to dismiss those portions of count two based on Deutsche Bank's alleged (1) failure "to make material disclosures pursuant to the requirements of the federal Truth in Lending Act"; (2) failure "to take affirmative steps to cancel the plaintiffs' Deed of Trust upon their notice of recission"; and (3) refusal "to honor plaintiffs' exercise of recission," under the doctrine of res judicata. See [D.E. 78] 6–8; cf. First Am. Compl. ¶ 125. Deutsche Bank also asks this court to dismiss plaintiffs' claim in count four, in which plaintiffs allege attempted wrongful foreclosure. See [D.E. 78] 8–9.

This court must predict how the Supreme Court of North Carolina would rule on the legal viability of count two and count four. See, e.g., Ellis v. Louisiana-Pacific Corp., 699 F.3d 778, 782–83 (4th Cir. 2012); Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court looks first to decisions of the Supreme Court of North Carolina, and then to decisions of the North Carolina Court of Appeals. See, e.g., Ellis, 699 F.3d at 782–83. Moreover, in predicting how the Supreme Court of North Carolina would rule, the court may not create or expand North Carolina public policy. See, e.g., Time-Warner Entm't–Advance/ Newhouse P'ship v. Carteret–Craven Elec. Membership Corp., 506 F.3d 304, 314–15 (4th Cir.

2

2007).

As for count two, the court declines to dismiss any portion of plaintiffs' claim. Simply put, the court cannot determine on the current record whether res judicata bars portions of count two. Whether count two will survive a motion for summary judgment is an issue for another day. As for count four, this court predicts that the Supreme Court of North Carolina would not recognize plaintiffs' claim in count four for attempted wrongful foreclosure. See, e.g., In re Residential Capital, LLC, 501 B.R. 531, 540–42 (Bankr. S.D.N.Y. 2013) (analyzing the Gilberts' attempted wrongful foreclosure claim against GMAC Mortgage, LLC, arising from the same series of transactions at issue in this case and concluding that no such cause of action exists under North Carolina law). Thus, the court grants Deutsche Bank's motion to dismiss count four. See id.

In sum, Deutsche Bank's motion to dismiss [D.E. 77] is GRANTED in part and DENIED in part. The court DISMISSES count four for failure to state a claim upon which relief can be granted. The court declines to dismiss any portion of count two.

SO ORDERED. This 16 day of December 2015.

JAMES C. DEVER III
Chief United States District Judge