IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR and DANIELA L. GILBERT,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC GMAC MORTGAGE, LLC and OCWEN LOAN SERVICING, LLC,<br><br>*Defendan*ts. | |

### DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT

**NOW COMES** Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6[1] ("Deutsche Bank"), by and through its counsel of record, and respectfully submits this memorandum in opposition to Plaintiffs Rex T. Gilbert, Jr., and Daniela L. Gilbert's ("Plaintiffs" or "the Gilberts") motion to amend ("Motion to Amend") their First Amended Complaint.

---

[1] The Gilberts' First Amended Complaint incorrectly names Deutsche Bank as Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc.

1

## I. NATURE OF THE CASE

Plaintiffs allege that Deutsche Bank, the assignee of the promissory note involved in the subject real estate transaction, violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.* and North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, by failing to make material disclosures required by 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b). (Compl., ECF No. 1-2.) After Plaintiffs' Complaint was dismissed on July 7, 2010, and then reinstated by the United States Court of Appeals for the Fourth Circuit on May 3, 2012, (ECF No. 55), Plaintiffs filed their First Amended and Restated Complaint (the "First Amended Complaint") on September 15, 2015. (First Am. Compl., ECF No. 74.)

On August 6, 2015, this Court issued its Scheduling Order, requiring discovery to be completed by April 15, 2016, and pleadings to be amended "promptly after the information giving rise to the motion becomes known to the party or counsel." (Scheduling Order, ECF No. 70.) Plaintiffs now seek to amend their First Amended Complaint. (Mot. Am. Compl., ECF No. 94.)

## II. STATEMENT OF FACTS

On May 5, 2006, the Gilberts borrowed $525,000.00 from the First National Bank of Arizona (the "Note" or the "Loan") and refinanced a prior mortgage loan on their real property located at 134 West End Road, Ocracoke, North Carolina. (Am. Compl. Ex. 2, ¶ 26, 33, ECF No. 74.) As part of the closing of the Loan, Plaintiffs acknowledged "reading and receiving a complete copy" of a Truth in Lending Disclosure Statement (the "TIL Statement") on May 5, 2006. (Am. Compl. Ex. 4, ECF No. 74.) The subject Note has an unbroken chain of endorsements to assignee "Deutsche Bank Trust Company Americas as Trustee." (Am. Compl. Ex. 1, ECF No. 74.)

### III.  ARGUMENT

A. **Standard of Review**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings only with the consent of the opposing party or with leave by the court after twenty-one days of service.  A motion to amend a pleading may be denied if the amendment would be prejudicial to the non-moving party, if there has been bad faith on the part of the moving party, or if the amendment would be futile. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 379 (4th Cir. 2012).

B. **The Proposed Amendment is Futile.**

Plaintiffs' Motion to Amend should be denied because it is futile. Plaintiffs initially base the TILA cause of action on an alleged annual percentage rate ("APR") violation.  Plaintiffs now realize, however, after the close of discovery, that the APR disclosed on the TILA Statement in dispute is in fact within the tolerance allowed by law. As a result, Plaintiffs seek to amend the complaint again in a futile effort to save the cause of action.  Plaintiffs now base this cause of action on an understatement in the amount financed. As with their reliance on the wrong APR tolerance, however, this new approach to manufacturing a TILA violation is also misguided.

12 C.F.R. § 226.18(d)(1) provides that an understatement of the amount financed is ***not*** a violation of TILA. According to 12 C.F.R. § 226.18(d)(1)[2],

> In a transaction secured by real property or a dwelling, the disclosed finance charge and other disclosures affected by the disclosed finance charge (***including the amount financed*** and the annual percentage rate) shall be treated as accurate if the amount disclosed as the finance charge:
>
> (i)  Is understated by no more than $100; or

---

[2] 12 C.F.R. § 226.23(g) contains similar language stating that an overstatement of the finance charge is considered accurate.

(ii) Is greater than the amount required to be disclosed.

(Emphasis added.) Plaintiffs and Defendants' experts both concluded that the TIL Statement understated the amount financed and overstated the finance charge. (Mem. Supp. Mot. Am., EFC No. 95, Exs. 1, 2.) As all parties agree that the finance charge disclosed on the TIL Statement is greater than the amount required to be disclosed, there can be no violation for under disclosing the amount financed, and Plaintiffs' proposed amendment fails as a matter of law. *See* 12 C.F.R. § 226.18(d)(1).

While the definitions and method of computing the terms "amount financed" and "finance charge" might sound complex, the relationship between the amount financed and the finance charge is simple: when one increases, the other decreases. *See* 15 U.S.C. § 1638(a)(5) (providing that the "total of payments" constitutes the "sum of the amount financed and the finance charge"); *VanDenBroeck v. Commonpoint Mortg. Co.,* 22 F.Supp.2d 677, 688 (W.D. Mich. 1998) (stating that "[t]he amount financed disclosure is a disclosure affected by the finance charge because an amount not included in the finance charge must be included in the amount financed disclosure") (internal quotation marks omitted). Moreover, "[i]f a lender understates the amount financed, it effectively overstates the finance charge...." *Peterson v. Spectra Fin., Inc*., Civil No. 06–3796, 2007 WL 967334, at *3 (D. Minn. Mar. 29, 2007). Therefore, "[t]here is no right to rescission under TILA where the lender understates the amount financed and thereby overstates the finance charge." *Ebbighausen v. JP Morgan Chase Bank, N.A.,* No. CIV. 10-3120 JRT/LIB, 2013 WL 53836, at *5 (D. Minn. Jan. 3, 2013). Accordingly, Plaintiffs' attempt to revive the TILA cause of action based on this new and flawed theory fails. As a result, the Motion to Amend is futile and should be denied.

**C.     Deutsche Bank Would be Prejudiced by the Amendment.**

The Motion to Amend should be also be denied because it would prejudice Deutsch Bank. Prejudice occurs when the amendment "necessitates additional discovery and analysis to address events that previously were not part of the case, as opposed to when the amendment involves events that the 'defendant was from the outset made fully aware of,' such that 'an allowance of the amendment could not in any way prejudice the preparation of defendant's case.'" *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647 (D. Md. 2015) (*quoting Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980)).

During the recent course of this action, Plaintiffs prosecuted their TILA claim on the basis that the APR on the TIL Statement was inaccurately stated. (Am. Compl. ¶ 45, ECF No. 74.) While Plaintiffs' original Complaint did allege an error in the "amount financed", (Compl., ECF No. 1-2, ¶ 69(a)), Plaintiffs' First Amended Complaint, however, dropped this allegation, and Deutsche Bank was entitled to base its defenses on the allegations asserted in the First Amended Complaint. Deutsche Bank's discovery was focused on the allegations in the Amended Complaint. Now that the time for discovery has passed, Plaintiffs seek to alter the theory of their case. Furthermore, the Scheduling Order establishes May 13, 2016, as the deadline for all potentially dispositive motions. Deutsche Bank is currently preparing its dispositive motion addressing the claims as asserted in the Amended Complaint and would be unable to meet this deadline should the Court grant the Motion to Amend without an accompanying adjustment to the dispositive motion deadline. Accordingly, the Plaintiffs motion is due to be denied in light of the prejudice to Deutsche Bank.

**IV.     CONCLUSION**

Accordingly, Defendant Deutsche Bank respectfully requests that this Court deny Plaintiffs' Motion to Amend.

RESPECTFULLY SUBMITTED, this the 2nd day of May, 2016

                **BRADLEY ARANT BOULT CUMMINGS LLP**

                /s/ Mark Wierman
                Mark Wierman (NC Bar No. 37134)
                Amy E. Puckett (N.C. Bar No. 43142)
                Bank of America Corporate Center
                100 N. Tryon Street, Suite 2690
                Charlotte, NC 28202
                Telephone: (704) 338-6000
                Fax: (704) 332-8858
                E-mail: mwierman@babc.com
                *ATTORNEY FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AND OCWEN LOAN SERVICING, LLC*

6

Case 4:09-cv-00181-D   Document 97   Filed 05/02/16   Page 6 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson
501 Minute Lane, Suite 104A
Charlotte, NC 28217
*CO-DEFENDANT*

s/Mark S. Wierman