THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

| | |
|---|---|
| REX T. GILBERT, JR. and | ) |
| DANIELA L. GILBERT, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DEUTSCHE BANK TRUST COMPANY | ) |
| AMERICAS, *As Trustee for*, | ) |
| RESIDENTIAL ACCREDIT LOANS, INC, | ) |
| DAVID A. SIMPSON, P.C., Substitute Trustee, | ) |
| RESIDENTIAL FUNDING, LLC, GMAC | ) |
| MORTGAGE, LLC, and OCWEN LOAN | ) |
| SERVICING, LLC., | ) |
| Defendants. | ) |

STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COME the Plaintiffs Rex T. Gilbert, Jr. and Daniela L. Gilbert, by and through

counsel, pursuant to Rule 56.1 of the Local Civil Rules of Practice and Procedure and file their

Statement of Material Facts in Support of Plaintiffs' Motion for Partial Summary Judgment.

1.      Mr. and Mrs. Gilbert own a home and lot located at 134 West End Road, in the

Village of Ocracoke on Ocracoke Island, North Carolina.  On May 5, 2006, the Gilberts executed

documents to refinance their mortgage. Mr. Gilbert was the primary obligor. Mrs. Gilbert joined

in the deed of trust to subordinate her marital interest. [D.E. 74, ¶ 3,33, and Ex. 2].

2.      The Promissory Note executed by plaintiff provides for interest to be charged at a

yearly rate of 7.375% and for the first *84 monthly payments in the amount of $4,391.32.* [D.E.

74, Ex. 2]. This same Promissory Note indicates on its face that there was an interest-only addendum to the note.

3.    The interest-only addendum states that it superseded certain sections of the Promissory Note; to wit: *the first 120 payments in the amount of $3226.57 and the next 240 payments in an amount sufficient to fully amortize the outstanding principal balance of the note over the remaining term of the Note in equal monthly payments*. [D.E. 74, Ex.3].

4.    The federal Truth in Lending Disclosure Statement signed by plaintiffs at closing disclosed the following:

| APR: | Finance charge | Amount Financed | Total of Payments |
|------|----------------|-----------------|-------------------|
| 7.953% | $943469.57 | $507,473.43 | $1,450,943.00 |

Payment Schedule:

84 payments @ $3226.57
36 payments @ $3500.00
239 payments @ $4391.32
1 payment @ $4385.64

[D.E. 74, Ex. 4].

5.    . Applying the statute to the principal loan amount, Plaintiffs' expert arrived at the amount financed of $516,639.24, more than $9,165.01 out of tolerance. .

| Principal Loan Amount | $525,000.00 |
|---|---|
| less: Origination Fee | $5,250.00 |
| less: Tax Fee | $78.00 |
| less: Underwriting Fee | $699.00 |
| less: Interest | $2,333.76 |
| Total Deductions = | $8,360.76 |
| Amount Financed | $516,639.24 |

[D.E. 95, Ex.2 p. 3]..

6.      Plaintiffs' expert reviewed the HUD-1 Settlement Statement in applying the terms of the statute to arrive at the correct amount financed. Stated another way, Plaintiff's expert arrived at the correct amount financed without any resort to or consideration of the finance charge. [D.E. 95, Ex.2, p. 3].

7.      There is no dispute about the correct amount financed. Defendants' expert took *NO* issue with Plaintiffs' experts' amount financed. [D.E. 95, Ex. 1, p. 2].

8.      The amount financed understatement is ***NOT AFFECTED*** by any overstatement of the finance charge.

9.      Prior to exercising their extended right to rescind, the Gilberts did not receive a Truth in Lending Disclosure Statement which accurately disclosed the terms of the transaction which is the subject of this Complaint. [D.E. 74, ¶ 47].

10.      The three day right to rescind the transaction is extended until the Gilberts receive accurate Truth in Lending disclosures or the expiration of three years from the date of closing whichever is later.  [D.E. 74, ¶ 48].

11.     On April 5, 2009, the Gilberts, by and through their counsel, exercised their extended right to rescind the loan transaction by giving written notice. [D.E. 74, Ex. 5]; *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278 (4th Cir. 2012).

12.     By letter dated April 24, 2009, Kathy Priore, Associate Counsel for GMACM, advised that it "would not rescind the Loan transaction at this time." [D.E. 74, Ex.6]..

13.     Whether from 5 April 2009 (rescission letter), 3 May 2012 (date of the published opinion of the United States Court of Appeals holding that plaintiffs' timely exercised their extended right to rescind), 28 June 2012 (partial mandate filing as to Deutsche and Simpson), 9 April 2015 (final mandate filing), more than twenty (20) days have passed. [D.E. 74, ¶ 52 and D.E. 75, ¶ 52].

14.     Defendant Deutsche has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z § 1026.23(d)(2) [formerly § 226.23(d)(2)].[D.E. 74, ¶ 53 and D.E. 75, ¶ 53].

15. Defendant Deutsche has failed to return to the Gilberts any money or property given by the Gilberts to anyone, including defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z § 1026.23(d)(2) [formerly § 226.23(d)(2)].[D.E. 74 ¶ 54 and D.E. 75, ¶ 54].

This the 16th day of May 2016.

/s/ Katherine S. Parker-Lowe
Katherine S. Parker-Lowe
Attorney for Plaintiffs
NC Bar # 13318
35 Miss Elecia Lane, Suite 101
Post Office Box 730
Ocracoke, North Carolina 27960
Phone: 252-928-1000
Fax: 252-928-3037

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

REX T. GILBERT, JR. and )
DANIELA L. GILBERT, )
                    Plaintiffs, )
 )
v. )
 )
DEUTSCHE BANK TRUST COMPANY )
AMERICAS, *As Trustee for*, )
RESIDENTIAL ACCREDIT LOANS, INC, )
DAVID A. SIMPSON, P.C., Substitute Trustee, )
RESIDENTIAL FUNDING, LLC, GMAC )
MORTGAGE, LLC, and OCWEN LOAN )
SERVICING, LLC., )
                    Defendants. )
_____)

CERTIFICATE OF SERVICE

       I hereby certify that on 16 May 2016 I electronically filed the foregoing with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to Amy Puckett
and Christian W. Hancock and I hereby certify that I have mailed the document to the following
non CM/ECF participant:

       David A. Simpson, P.C.
       c/o David A. Simpson
       501 Minuet Lane, Suite 104A
       Charlotte, NC 28217

       This the 16th day May 2016.

                                  /s/Katherine S. Parker-Lowe
                                  Katherine S. Parker-Lowe
                                  Attorney for Plaintiffs