IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR and DANIELA L. GILBERT,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC GMAC MORTGAGE, LLC and OCWEN LOAN SERVICING, LLC,<br><br>*Defendan*ts. | |

### DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

**NOW COMES** Defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6[1] ("Deutsche Bank"), by and through its counsel of record, and respectfully submits this memorandum in opposition to Plaintiffs Rex T. Gilbert, Jr., and Daniela L. Gilbert's ("Plaintiffs" or "the Gilberts") motion for extension of time ("Motion for Extension").

---

[1] The Gilberts' First Amended Complaint incorrectly names Deutsche Bank as Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc.

1

## I. NATURE OF THE CASE

Plaintiffs originally filed their complaint in Hyde County, North Carolina on September 14, 2009. (Compl. ECF No. 1-2) Plaintiffs allege that Deutsche Bank, the assignee of the promissory note involved in the subject real estate transaction, violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.* and North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, by failing to make material disclosures required by 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b). (*Id.*) After Plaintiffs' Complaint was dismissed on July 7, 2010, and then reinstated by the United States Court of Appeals for the Fourth Circuit on May 3, 2012, (ECF No. 55), Plaintiffs filed their First Amended and Restated Complaint (the "First Amended Complaint") on September 15, 2015. (First Am. Compl., ECF No. 74)

On August 6, 2015, this Court issued its Scheduling Order, requiring discovery to be completed by April 15, 2016, and potentially dispositive motions to be completed by May 13, 2016. (Scheduling Order, ECF No. 70.) Plaintiffs now seek to extend the Scheduling Order for sixty (60) days. (Mot. Ext. Time, ECF No. 96)

## II. STATEMENT OF FACTS

On May 5, 2006, the Gilberts borrowed $525,000.00 from the First National Bank of Arizona (the "Note" or the "Loan") and refinanced a prior mortgage loan on their real property located at 134 West End Road, Ocracoke, North Carolina. (Am. Compl. Ex. 2, ¶ 26, 33, ECF No. 74) As part of the closing of the Loan, Plaintiffs acknowledged "reading and receiving a complete copy" of a Truth in Lending Disclosure Statement (the "TIL Statement") on May 5, 2006. (Am. Compl. Ex. 4, ECF No. 74) The subject Note has an unbroken chain of endorsements to assignee "Deutsche Bank Trust Company Americas as Trustee." (Am. Compl. Ex. 1, ECF No. 74)

2

### III.  ARGUMENT

**A.  Standard of Review**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only with good cause and with the judge's consent.

**B.  Plaintiffs Have Not Shown Good Cause for the Extension**

Plaintiffs' Motion for Extension should be denied because they have not shown good cause for the extension. The events relied upon by Plaintiffs as the grounds for the requested extension were either known well before the May 13, 2016 dispositive motion deadline, or are events which occur after the May 13, 2016 deadline, or have yet to occur. Accordingly, Plaintiffs have not acted with reasonable diligence and, instead, waited until eleven (11) days prior to the dispositive motion deadline to seek an extension.

"'Good cause' under Rule 16(b), may be shown if the 'plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action,' or if the party moving to amend shows that despite the 'exercise of reasonable diligence,' the evidence supporting the proposed amendment would not have been discovered until after the amendment deadline had passed." *Goyan Wesley Cole, Jr. v. Anthony J. Principi, Sec'y Dep't of Veterans Affairs*, *U.S.*, No. 1:02CV00790, 2004 WL 878259, at *7 (M.D.N.C. Apr. 4, 2004) (internal citations omitted). "However, even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Id.*

The timing of the issuance of the Scheduling Order compared with the Motion for Extension indicates a lack of diligence and good cause. The Scheduling Order was issued on August 6, 2015. While counsel for Deutsche Bank are sympathetic about the death of the husband

3

Case 4:09-cv-00181-D   Document 107   Filed 05/18/16   Page 3 of 6

of Plaintiffs' counsel and would have agreed to a modification of the Scheduling Order reasonably near the time of this tragic event, nearly seven months have elapsed and the Motion for Extension represents the first request to adjust the schedule set forth by the Court. Waiting nearly seven months to first broach the topic of an extension for an already-established deadline does not indicate reasonable diligence. Likewise, the dates of the hearings, trials, and mediations relied upon as additional grounds for the Motion for Extension (Mot. ¶ 3) occur either within 10 days prior to the dispositive motion deadline or after this deadline. The reliance on events occurring either so far in the past or in the future indicates that these events are not the true reason for the Motion for Extension, especially since the deadlines established in the Scheduling Order have been known since August 6, 2015. The lack of good cause and reasonable diligence is grounds for denial of the Motion.

The timing of Plaintiffs' Motion to Amend provides further insight on the lack of good cause. (ECF No. 94) Plaintiffs initially based the TILA cause of action on an alleged annual percentage rate ("APR") violation. Plaintiffs realized, *after the close of discovery*, that the APR disclosed on the TILA Statement in dispute is in fact within the tolerance allowed by law. As a result, Plaintiffs moved this Court to amend the complaint again in a futile effort to save the cause of action. Plaintiffs now seek to base this cause of action on an understatement in the amount financed. As outlined in Deutsch Bank's Memorandum of Law in Opposition (ECF No. 97), however, the proposed amendment is futile as an understatement of the amount financed is not a violation of TILA. *Ebbighausen v. JP Morgan Chase Bank, N.A.,* No. CIV. 10-3120 JRT/LIB, 2013 WL 53836, at *5 (D. Minn. Jan. 3, 2013) ("There is no right to rescission under TILA where the lender understates the amount financed and thereby overstates the finance charge.") Now that

4

Plaintiffs realize that their proposed amendment is futile, they seek additional time to ponder new theories of recovery. The Court should deny the Motion for Extension for lack of good cause.

**C.  Deutsche Bank Would be Prejudiced by the Extension**

The Motion for Extension should be also be denied because it would prejudice Deutsch Bank. This action was filed in 2009, discovery is complete, and the time for dispositive motions has passed. Deutsche Bank is entitled to its day and court and seeks to adhere to the schedule set forth by this Court.  Accordingly, the Motion for Extension is due to be denied.

### IV.     CONCLUSION

Premises considered, Defendant Deutsche Bank respectfully requests that this Court deny Plaintiffs' Motion for Extension.

RESPECTFULLY SUBMITTED, this the 18th day of May, 2016

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ Mark Wierman_____
Mark Wierman (NC Bar No. 37134)
Amy E. Puckett (N.C. Bar No. 43142)
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Fax: (704) 332-8858
E-mail: mwierman@babc.com
*ATTORNEY FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AND OCWEN LOAN SERVICING, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 18th 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson
501 Minute Lane, Suite 104A
Charlotte, NC 28217
*CO-DEFENDANT*

s/Mark S. Wierman