IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-181-D

REX T. GILBERT, JR., and )
DANIELA L. GILBERT, )
)
Plaintiffs, )
)
v. ) **ORDER**
)
DEUTSCHE BANK TRUST COMPANY )
AMERICAS, as Trustee for )
RESIDENTIAL ACCREDIT LOANS, INC., )
DAVID A. SIMPSON, P.C., Substitute Trustee, )
RESIDENTIAL FUNDING, LLC, and )
GMAC MORTGAGE, LLC, )
)
Defendants. )

This case concerns a $525,000 loan that closed in May 2006. The case has been pending since 2009 and has involved prolonged appellate and bankruptcy proceedings. See [D.E. 61, 64]. On August 6, 2015, the court entered a scheduling order with certain "critical deadlines." [D.E. 70] 1. All discovery was to be completed by April 15, 2016. Id. All dispositive motions were to be filed by May 13, 2016. Id. Any motions to amend the pleadings had to be "made promptly after the information giving rise to the motion bec[ame] known to the party or counsel. Any such motion filed after September 18, 2015, [had to] meet the standards of Fed. R. Civ. P. 15 and 16." Id. 2. On September 15, 2015, plaintiffs filed their first amended and restated complaint. See [D.E. 74].

On April 24, 2016, Rex. T. Gilbert, Jr. and Daniela L. Gilbert ("Gilberts" or "plaintiffs") moved to amend their amended complaint. See [D.E. 94]. Essentially, the Gilberts want to change the legal theory of their claim that Deutsche Bank violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. See id.; [D.E. 99]. On May 2, 2016, Deutsche Bank responded in opposition,

contending that the proposed amendment was futile and prejudicial under Federal Rule of Civil Procedure 15. See [D.E. 97]. As for futility, Deutsche Bank argues that the Gilberts new TILA theory is futile under 12 C.F.R. § 226.18(d)(1). See id. 3–4. As for prejudice, Deutsche Bank contends that the new TILA theory would prejudice Deutsche Bank because discovery is closed and dispositive motions were due on May 13, 2016. See id. 5. On May 16, 2016, the Gilberts replied and argued that the new TILA claim was not futile and that the proposed amendment would not be prejudicial, particularly if the court amends the scheduling order. See [D.E. 103].

A party's complaint puts its opponent and the court on notice of the claims in the case. If a party wishes to amend those claims, the party must comply with the Federal Rules of Civil Procedure. Under Rule 15, provided certain time requirements are met, a party may amend a pleading once as a matter of course. See Fed. R. Civ. P. 15(a)(1). Rule 15 allows additional amendments only with the permission of the opposing party or with leave of court, and such leave should be freely given "when justice so requires." Id. 15(a)(2). However, once a court enters a scheduling order under Rule 16 with a deadline concerning amendments to pleadings, and the deadline expires, the process changes. At that point, to amend a pleading, a party must first establish "good cause" under Rule 16 and then establish the traditional requirements under Rule 15 (i.e., the absence of prejudice, futility, and bad faith). See, e.g., Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir. 2008). If the party fails to establish "good cause" under Rule 16, a trial court may deny the motion to amend and need not analyze it under Rule 15. See id.; see also Royce v. Wyeth, No. 2:04-0690, 2011 WL 1397043, at *1–2 (S.D. W. Va. Apr. 13, 2011) (unpublished); Hare v. Opryland Hosp., LLC, No. DKC 09-0599, 2010 WL 3719915, at *3 (D. Md. Sept. 17, 2010) (unpublished); Rodgers v. Hill, No. 5:08-CT-3105-D, 2010 WL 3239104, at *13 (E.D.N.C. Aug. 16, 2010) (unpublished); Halpern v. Wake Forest Univ. Health Scis., 268 F.R.D. 264, 266 (M.D.N.C.

2

2010); Remediation Prods., Inc. v. Adventus Ams. Inc., No. 3:07CV00153-RJC-DCK, 2009 WL 101692, at *1–2 (W.D.N.C. Jan. 8, 2009) (unpublished). Rule 16's "good cause" focuses primarily on "the diligence of the moving party." Montgomery v. Anne Arundel Cty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished). In considering diligence, the court looks to whether the "evidence supporting the proposed amendment would not have been discovered . . . until after the amendment deadline had passed." United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (quotation omitted).

"Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." Nourison Rug, 535 F.3d at 298. A trial court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

Deutsche Bank argues that the Gilberts want to change the theory of their TILA claim because, during discovery, Deutsche Bank discovered fatal legal defects in the Gilberts' existing TILA claim. Whether true or not, the loan at issue in this case closed in May 2006. Moreover, the Gilberts have had the evidence underlying their proposed new TILA claim for years. The Gilberts' failure to recognize their proposed new TILA claim until April 2016 falls "far short of [the diligence] required to satisfy the good cause standard." Nourisan Rug Corp., 535 F.3d at 298; see Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011). Accordingly, because the Gilberts have not demonstrated "good cause," the court denies the Gilberts' motion to amend the amended complaint.

On May 2, 2016, the Gilberts moved to amend the scheduling order to extend the deadlines in the scheduling order by 60 days. See [D.E. 96]. On May 18, 2016, Deutsche Bank responded in opposition. See [D.E. 107].

3

Discovery is closed [D.E. 70], and each party has filed a motion for partial summary judgment [D.E. 100, 104]. This long-pending case needs resolution, and the Gilberts have not sufficiently justified extending the deadlines in the scheduling order by 60 days. Accordingly, the court denies the motion to extend the deadlines in the scheduling order.

In sum, plaintiffs' motion to amend/correct the amended complaint [D.E. 94] and motion to extend the deadlines in the scheduling order [D.E. 96] are DENIED. If, however, either side needs a brief extension of time to respond to the pending dispositive motions, the court would entertain such a motion.

SO ORDERED. This 25 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge

4

Case 4:09-cv-00181-D   Document 108   Filed 05/25/16   Page 4 of 4