IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR. and DANIELA L. GILBERT,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC, GMAC MORTGAGE, LLC, AND OCWEN LOAN SERVICING, LLC<br><br>*Defendan*ts. | |

### **DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6 AND OCWEN LOAN SERVICING, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

**NOW COME** Defendants Deutsche Bank Trust Company Americas, As Trustee For Residential Accredit Loans, Inc. Series 2006-QA6 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants"), by and through their counsel of record and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, submits these Responses and Objections to Plaintiffs Rex and Daniela Gilberts' ("Plaintiffs" or the "Gilberts") Statement of Material Facts in Support Plaintiffs' Motion for Partial Summary Judgment.

1

1.      Mr. and Mrs. Gilbert own a home and lot located at 134 West End Road, in the Village of Ocracoke on Ocracoke Island, North Carolina. On May 5, 2006, the Gilberts executed documents to refinance their mortgage. Mr. Gilbert was the primary obligor. Mrs. Gilbert joined in the deed of trust to subordinate her marital interest. [D.E. 74, ¶ 3, 33, and Ex. 2].

**Defendants agree with the contents of Paragraph 1.**

2.      The Promissory Note executed by plaintiff provides for interest to be charged at a yearly rate of 7.375% and for the first *84 monthly payments in the amount of $4,391.32*. [D.E 74, Ex. 2]. This same Promissory Note indicates on its face that there was an interest-only addendum to the note.

**Defendants agree with the contents of Paragraph 2.**

3.      The interest-only addendum states that it superseded certain sections of the Promissory Note; to wit: *the first 120 payments in the amount of $3226.57 and the next 240 payments in an amount sufficient to fully amortize the outstanding principal balance of the note over the remaining term of the Note in equal monthly payments*. [D.E. 74, Ex.3].

**Defendants dispute the contents of Paragraph 3. Please see the note and addendum, attached to Plaintiffs' First Amended Complaint as Exhibit 2 and Exhibit 3.**

4.      The federal Truth in Lending Disclosure Statement signed by plaintiffs at closing disclosed the following:

| APR: | Finance charge | Amount Financed | Total of Payments |
|---|---|---|---|
| 7.953% | $943,469.57 | $507,473.43 | $1,450,943.00 |

Payment Schedule:

84 payments @ $3226.57
36 payments @ $3500.00
239 payments @ $4391.32
1 payment @ $4385.64

[D.E. 74, Ex. 4].

**Defendants agree with the contents of Paragraph 4.**

5. Applying the statute to the principal loan amount, Plaintiffs' expert arrived at the amount financed of $516,639.24, more than $9,165.01 out of tolerance.

| Principal Loan Amount | $525,000.00 |
|---|---|
| less: Origination Fee | $5,250.00 |
| less: Tax Fee | $78.00 |
| less: Underwriting Fee | $699.00 |
| less: Interest | $2,333.76 |
| Total Deductions = | $8,360.76 |
| Amount Financed | $516,639.24 |

[D.E. 95, Ex.2 p. 3].

**Defendants agree that Plaintiffs' expert arrived at an amount financed of $516,639.24 and that the report of Plaintiff's expert included the above chart. Unless otherwise agreed to, Defendants dispute the contents of Paragraph 5. Plaintiffs do not define "tolerance" and Plaintiffs' statement about a tolerance amount calls for a legal conclusion.**

6. Plaintiffs' expert reviewed the HUD-1 Settlement Statement in applying the terms of the statute to arrive at the correct amount financed. Stated another way, Plaintiff's expert arrived at the correct amount financed without any resort to or consideration of the finance charge. [D.E. 95, Ex.2, p. 3].

**Defendants dispute the contents of Paragraph 6, which call for a legal conclusion. Defendants also deny that the amount financed can be determined "without any resort to or consideration of the finance charge."**

7. There is no dispute about the correct amount financed. Defendants' expert took *NO* issue with Plaintiffs' experts' amount financed. [D.E. 95, Ex. 1, p. 2].

**Defendants agree with the contents of Paragraph 7.**

8. The amount financed understatement is *NOT AFFECTED* by any overstatement of the finance charge.

**Defendants dispute the contents of Paragraph 8, which call for a legal conclusion. Defendants deny that any understatement of the amount financed was "*NOT AFFECTED*" by any overstatement of the finance charge.**

9. Prior to exercising their extended right to rescind, the Gilberts did not receive a Truth in Lending Disclosure Statement which accurately disclosed the terms of the transaction which is the subject of this Complaint. [D.E. 74, ¶ 47].

**Defendants dispute the contents of Paragraph 9, which call for a legal conclusion. Defendants also deny that the TIL Disclosure statement did not "accurately disclose the terms of the transaction."**

10. The three day right to rescind the transaction is extended until the Gilberts receive accurate Truth in Lending disclosures or the expiration of three years from the date of closing whichever is later. [D.E. 74, ¶ 48].

**Defendants dispute the contents of Paragraph 10, which call for a legal conclusion. Defendants also contend that Plaintiffs received an accurate Truth in Lending disclosure statement.**

11. On April 5, 2009, the Gilberts, by and through their counsel, exercised their extended right to rescind the loan transaction by giving written notice. [D.E. 74, Ex. 5]; *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278 (4th Cir. 2012).

**Defendants agree that the Gilberts sent a letter dated April 5, 2009, purporting to rescind the loan transaction. Unless otherwise agreed to, Defendants dispute the contents of Paragraph 11, which call for a legal conclusion.**

4

12. By letter dated April 24, 2009, Kathy Priore, Associate Counsel for GMACM, advised that it "would not rescind the Loan transaction at this time." [D.E. 74, Ex.6].

**Defendants agree that Kathy Priore, Associate Counsel for GMACM, by letter dated April 24, 2009, stated that "We have reviewed your client's loan file and find no basis to conclude that there were any material disclosure errors that would give rise to an extended right of rescission. Consequently, we will not rescind the Loan transaction at this time." Unless otherwise agreed to, Defendants dispute the contents of Paragraph 12.**

13. Whether from 5 April 2009 (rescission letter), 3 May 2012 (date of the published opinion of the United States Court of Appeals holding that plaintiffs' timely exercised their extended right to rescind), 28 June 2012 (partial mandate filing as to Deutsche and Simpson), 9 April 2015 (final mandate filing), more than twenty (20) days have passed. [D.E. 74, ¶ 52 and D.E. 75, ¶ 52].

**Defendants agree that more than twenty (20) days have passed since the dates identified in Paragraph 13. Defendants, however dispute the relevancy of these dates and that Plaintiffs had an extended right to rescind or that they timely exercised any right to rescind.**

14. Defendant Deutsche has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest described in Paragraph 8, as required by 15 U.S.C. § 1635(b) and Regulation Z § 1026.23(d)(2) [formerly § 226.23(d)(2)].[D.E. 74, ¶ 53 and D.E. 75, ¶ 53].

**Defendants dispute the contents of Paragraph 14, which call for a legal conclusion. Defendants also disagree with the accuracy of the contents of Paragraph 14. According to Kathy Priore's April 24, 2009, letter, GMAC Mortgage reviewed Plaintiffs' loan file and**

**found no basis to conclude there were any material disclosure errors that would give rise to an extended right of rescission.**

15. Defendant Deutsche has failed to return to the Gilberts any money or property given by the Gilberts to anyone, including defendants, as required by 15 U.S.C. § 1635(b) and Regulation Z § 1026.23(d)(2) [formerly § 226.23(d)(2)].[D.E. 74 ¶ 54 and D.E. 75, ¶ 54].

**Defendants dispute the contents of Paragraph 15, which call for a legal conclusion. Defendants also dispute that Plaintiffs have a right to rescind their loan, and Defendants contend that, even if such a right existed, they are not required to return to Plaintiffs any money or property without tender of the loan proceeds by Plaintiffs.**

Respectfully submitted, this the 3rd day of June, 2016.

                                              **BRADLEY ARANT BOULT CUMMINGS, LLP**

/s/ Mark S. Wierman
Mark S. Wierman (NC Bar No. 37134)
Amy E. Puckett (N.C. Bar No. 43142)
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
 *mwierman@babc.com*

*ATTORNEYS FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AND OCWEN LOAN SERVICING, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June, 2016, I served a true and correct copy of the foregoing **DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6 AND OCWEN LOAN SERVICING, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS** using the Court's electronic filing system, which will deliver a copy of the foregoing to:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960
*ATTORNEYS FOR PLAINTIFFS*

and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson
501 Minute Lane, Suite 104A
Charlotte, NC 28217
*CO-DEFENDANT*

s/Mark S. Wierman