THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-00181-D

REX T. GILBERT, JR. and )
DANIELA L. GILBERT, )
                Plaintiffs, )
 )
v. )
 )
 )
DEUTSCHE BANK TRUST COMPANY )
AMERICAS, *As Trustee for*, )
RESIDENTIAL ACCREDIT LOANS, INC, )
DAVID A. SIMPSON, P.C., Substitute Trustee, )
RESIDENTIAL FUNDING, LLC, GMAC )
MORTGAGE, LLC, and OCWEN LOAN )
SERVICING, LLC., )
                Defendants. )
_____)

**PLAINTIFFS REX T. GILBERT, JR. AND DANIELA L. GILBERT'S RESPONSES AND OBJECTIONS TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

NOW COME Plaintiffs Rex T. Gilbert, Jr. and Daniela L. Gilbert, by and through counsel of record and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56. 1 and submit these Responses and Objections to Defendants' Statement of Material Facts in Support of Defendants' Motion for Partial Summary Judgment.

**STATEMENT OF MATERIAL FACTS**

    1.     On May 5, 2006, Plaintiffs borrowed $525,000.00 from the First National Bank of Arizona (the "Loan") and refinanced a prior mortgage loan on their property, 134 West End Road, Ocracoke, North Carolina 27960 (the "Property"). (Am. Compl. ¶ 9 and Ex. 2.)

    Plaintiffs agree with the contents of Paragraph 1.

2. Plaintiffs' note was an adjustable rate note and had an interest-only addendum. (Am. Compl. Ex. 2-3.)

Plaintiffs agree with the contents of Paragraph 2.

3. GMAC Mortgage Corporation approved Plaintiffs for a loan modification in 2008. The loan modification required that Plaintiffs "make a lump sum payment of $8051.40 by 1 October 2008." (Am. Compl. ¶ 63.) According Plaintiffs' own complaint, "Plaintiffs were unable to make the lump sum payment required to qualify for the loan modification". (*Id.* ¶ 64.)

Plaintiffs agree with the contents of Paragraph 3.

4. In 2008, Plaintiffs defaulted on their loan payments. *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 274 (4th Cir. 2012).

Plaintiffs agree with the contents of Paragraph 4.

5. In 2009, David A. Simpson, P.C., as Substitute Trustee, brought a foreclosure suit ("State Foreclosure Action"). *Id.*

Plaintiffs agree with the contents of Paragraph 5.

6. On June 17, 2009, the Clerk of the Hyde County Superior Court ordered the foreclosure sale of the Property; this order, however, was reversed by the North Carolina Court of Appeals on May 3, 2011. *Id.*

Plaintiffs agree with the contents of Paragraph 6.

7. As part of the closing of the Loan, Plaintiffs acknowledged "reading and receiving a complete copy" of a Truth in Lending Disclosure Statement (the "TIL Statement") on May 5, 2006. (Am. Compl. Ex. 4.)

Plaintiffs dispute the contents of Paragraph 7. See Plaintiffs' First Amended and Restated Complaint, pages 6-7, Paragraphs 29-31. [D.E. 74].

2
Case 4:09-cv-00181-D   Document 114   Filed 06/15/16   Page 2 of 4

8. Plaintiffs' TIL Statement identifies an APR of 7.953%, an Amount Financed of $507,473.43, and a Finance Charge of $943,469.57. (Am. Comp. Ex. 4.)

Plaintiffs agree with the contents of Paragraph 8.

9. According to Plaintiffs' expert, Dr. Richard S. Warr, the APR should have been 7.718%, the Amount Financed should have been $516,639.24, and the Finance Charge should have been $922,557.45. (Defs.' Mot. Summ. J. Ex. A-1, at 4.)

Plaintiffs agree that Plaintiffs' expert determined that the Amount Financed should have been disclosed as 516,639.24. Plaintiffs' further agree that Defendants' expert took no issue with Plaintiffs' experts' calculation of the correct Amount Financed. [D.E. 99, Ex.2, p 3].

10. The difference between the APR listed on the TIL Statement (7.953%) and what Dr. Warr identifies as the correct APR (7.718%) is 0.235%. (*Id.*)

Plaintiffs agree with the contents of Paragraph 4.

11. The TIL Statement understated the amount financed and overstated the finance charge. (*Id.*)

Plaintiffs agree that the amount financed was understated, in and of itself, without reference to the finance charge. Neither expert was able to arrive at the disclosed amount financed. [D.E. 99, Ex 1 and Ex 2]. The disclosed amount financed was not simply a matter of an identifiable item or charge deducted from the amount financed. The disclosed amount financed is principal amount of loan minus the total amount of closing costs and more.

12. Plaintiffs' expert used the 6-month LIBOR rate from April 5, 2006 to compute the payment schedule for the loan. (Defs.' Mot. Summ. J. Ex. A-1, at 3.)

Plaintiffs agree with the contents of Paragraph 12.

13. The Loan's closing date was May 5, 2006. (Am. Compl. ¶ 23.)

Plaintiffs agree with the contents of Paragraph 13.

14. The LIBOR rate as of May 2, 2006, was 5.289%. (Defs.' Mot. Summ. J. Ex. A-2, at 1.)

Plaintiffs agree that the note sets out the method for calculating the change and that the closing date is a change date. {D.E. 74, Ex 2, p 2].

Respectfully submitted this the 15th day of June, 2016.

/s/ Katherine S. Parker-Lowe
Katherine S. Parker-Lowe
Attorney for Plaintiffs
NC Bar # 13318
35 Miss Elecia Lane, Suite 101
Post Office Box 730
Ocracoke, North Carolina 27960
Phone: 252-928-1000
Fax: 252-928-3037

**CERTIFICATE OF SERVICE**

I hereby certify that on 15 June 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Amy Puckett and Christian W. Hancock and I hereby certify that I have mailed the document to the following non CM/ECF participant:

David A. Simpson, P.C.
c/o David A. Simpson
501 Minuet Lane, Suite 104A
Charlotte, NC 28217

This the 15th day June 2016.

/s/Katherine S. Parker-Lowe
Katherine S. Parker-Lowe
Attorney for Plaintiffs