IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:09-CV-181-D

| | |
|---|---|
| REX T. GILBERT, JR. and DANIELA L. GILBERT,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, RESIDENTIAL FUNDING, LLC, GMAC MORTGAGE, LLC, AND OCWEN LOAN SERVICING, LLC<br><br>*Defendan*ts. | |

## **DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6 AND OCWEN LOAN SERVICING, LLC'S REPLY TO THE GILBERTS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**NOW COME** Defendants Deutsche Bank Trust Company Americas, As Trustee For Residential Accredit Loans, Inc. Series 2006-QA6 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants"), by and through their counsel of record, and respectfully submit this Reply to the Gilberts' Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment ("Memorandum") as to the claims set forth in the First Amended Complaint filed by Plaintiffs Rex and Daniela Gilbert ("Plaintiffs" or the "Gilberts").

1

## ARGUMENT

### I.  PER THE TERMS OF THE NOTE, THE DATE OF CONSUMMATION IS NOT A CHANGE DATE.

The Gilberts argue that "[f]or purposes of calculating the [LIBOR] rate, the date of consummation is considered a change date." (Mem. Opp'n Defs.' Mot. Summ. J. 6, ECF No. 113.) According to the terms of the Note, however, the first change date is June 1, 2013, not May 5, 2006 (the date of the Note). The Note states:

> **4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
>
> **(A) Change Dates**
>
> The interest rate I will pay may change on the first day of June, 2013, and on that day every 6th month hereafter. Each date on which my interest rate could change is called a "Change Date."
>
> **(B) The Index**
>
> Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date Occurs is called the "Current Index."

(Am. Compl. Ex. 2, ECF No. 74.) The Note, which Rex Gilbert signed, explicitly defines the first change date as June 1, 2013. Therefore, as noted in Defendants' Memorandum of Law in support of its Motion for Partial Summary Judgment, Plaintiffs' TILA claim based upon the payment schedule should be dismissed with prejudice because the Disclosure Statement accurately discloses the payment schedule under TILA using the LIBOR rate as of May 2, 2006 (5.289%). (Defs.' Mem. Supp. Mot. Summ. J., at 1, ECF No. 102.)

2

## II. THE GILBERTS' SECURITY INTEREST IS NOT AUTOMATICALLY VOID UPON THEIR RESCISSION LETTER.

The Gilberts argue that their security interest is void and they are not required to tender the loan proceeds. (Mem. Opp'n Defs.' Mot. Summ. J. 9, ECF No. 113.) They cite the opinion of the United States Court of Appeals for the Third Circuit in *Sherzer v. Homestar Mortgage Servs.* for the proposition that a "security interest or lien on the property is automatically void" upon the Gilberts' letter, dated April 5, 2009, seeking rescission. *Id.* at 9; 707 F.3d 255, 261 n. 4 (3rd Cir. 2013). In *Sherzer*, however, the Third Circuit also noted:

> Rescission of the loan agreement occurs when an obligor with a *valid* TILA claim provides the lender with written notice. That notice may be ineffective because the obligor has, in fact, received all material disclosures. It may also be ineffective because it is fraudulent – if, for example, the obligor does not have the intent or the ability to return the loan proceeds that he has received from the lender. If the borrower fails to exercise a *valid* right of rescission, the lender maintains its security interest in the property and does not incur any obligations toward the borrower.

*Id.* at 265 (emphasis in original). Here, the Gilberts' own Complaint indicates their lack of intent and/or lack of ability to return the loan proceeds. (*See* Defs.' Mem. Supp. Mot. Summ. J., at 11.) Therefore, according to the *Sherzer* opinion, the Gilberts did not exercise a valid right of rescission.

Additionally, the Gilberts argue that "Defendants should be ordered to modify the loan obligation and the Plaintiffs make payments consistent with said modification." (Mem. Opp'n Defs.' Mot. Summ. J. 10, ECF No. 113.) First, the Gilberts' Complaint does not seek a loan modification and such a request is not appropriate at the summary judgment stage. Second, rescission requires the tender of the loan proceeds (minus any payments, interest, and finance charges) and a loan modification is not a substitute for this tender. As noted by the United States Court of Appeals for the Fourth Circuit, "it was not the intent of Congress to . . . simply permit the

3

debtor to indefinitely extend the loan without interest." *Am. Mortgage Network, Inc. v. Shelton* 486 F.3d 815, 820-21 (4th Cir. 2007); *see also Alford v. Wachovia Bank/World Sav. Bank*, No. CVF 10-0091 LJO SMS, 2010 WL 415260, at *10 (E.D. Cal. Jan. 26, 2010) ("The complaint references willingness to execute a loan modification. . . . The authorities cited above require a tender of the "indebtedness," not loan modification."); *Mertan v. Am. Home Mortgage Servicing, Inc.*, No. SACV 09-723 DOC, 2009 WL 3296698, at *9 (C.D. Cal. Oct. 13, 2009); *Ung v. GMAC Mortgage, LLC*, No. EDCV09893VAPOPX, 2009 WL 2902434, at *3 (C.D. Cal. Sept. 4, 2009) (acknowledging that the court has "the discretion to require Plaintiff to tender return of all monies received from the lender before ordering rescission" and noting that "Plaintiff's alleged willingness 'to enter into a loan modification that is affordable to her and is ... more profitable to Defendants than a foreclosure' does not change this result as it does not put the parties into their former positions.").

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Plaintiffs' First Claim for Relief (Violations of Truth in Lending Against Defendant Deutsche) and Fifth Claim for Relief (Violations of North Carolina's Prohibited Acts by Debt Collectors Pursuant to N.C. Gen. Stat. § 75-50 et. seq. by Defendant Ocwen), in their entirety, with prejudice, and granting it judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

4

Respectfully submitted, this the 29th day of June, 2016.

        **BRADLEY ARANT BOULT CUMMINGS, LLP**

        /s/ Mark S. Wierman
        Mark S. Wierman (NC Bar No. 37134)
        Amy E. Puckett (N.C. Bar No. 43142)
        Bank of America Corporate Center
        100 N. Tryon Street, Suite 2690
        Charlotte, NC 28202
        Telephone: (704) 338-6000
        Facsimile: (704) 332-8858
        *mwierman@babc.com*

        *ATTORNEYS FOR DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICAS AND OCWEN LOAN SERVICING, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2016, I served this **DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QA6 AND OCWEN LOAN SERVICING, LLC'S REPLY TO THE GILBERTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** on the following parties by email and by depositing a copy enclosed in a post-paid, property addressed envelope by US Postal Service:

Kathryn Parker-Lowe
35 Miss Elecia Lane, Suite 101
P.O. Box 730
Ocracoke, North Carolina 27960

David A. Simpson, P.C.
Substitute Trustee
Post Office Box 19972
Charlotte, NC 28219

/s/ Mark S. Wierman
Mark S. Wierman
*ATTORNEY FOR DEFENDANTS*