IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-181-D

REX T. GILBERT, JR., and )
DANIELA L. GILBERT, )
 )
                Plaintiffs, )
 )
                v. )        **ORDER**
 )
DEUTSCHE BANK TRUST COMPANY )
AMERICAS, as Trustee for )
RESIDENTIAL ACCREDIT LOANS, INC., )
DAVID A. SIMPSON, P.C., Substitute Trustee, )
RESIDENTIAL FUNDING, LLC, GMAC )
MORTGAGE, LLC, and OCWEN LOAN )
SERVICING, LLC, )
 )
                Defendants. )

The factual background of this case is familiar. See Gilbert v. Residential Funding LLC, 678 F.3d 271, 274–75 (4th Cir. 2012). Defendants Deutsche Bank Trust Company ("Deutsche Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") seek partial summary judgment [D.E. 100], and plaintiffs seek partial summary judgment [D.E. 104]. Plaintiffs also filed a motion in limine regarding the admission of a deposition transcript as evidence [D.E. 90]. As explained below, the court grants defendants' motion for partial summary judgment, denies plaintiffs' motion for partial summary judgment, and denies without prejudice plaintiffs' motion in limine.

I.

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must initially show an absence of a

genuine dispute of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If a moving party meets its burden, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). A genuine issue for trial exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that might affect the outcome under substantive law preclude summary judgment. Anderson, 477 U.S. at 248. In reviewing the factual record, the court views the facts in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. Matsushita, 475 U.S. at 587–88.

A.

On May 13, 2016, Deutsche Bank and Ocwen moved for summary judgment on plaintiffs' first claim for relief, which alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and fifth claim for relief, which alleges violations of the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. §§ 75-50, et seq. [D.E. 100]. On June 15, 2016, plaintiffs responded in opposition [D.E. 113]. On June 29, 2016, defendants replied [D.E. 116].

1.

Plaintiffs claim they are entitled to rescind the loan transaction because Deutsche Bank allegedly violated TILA's disclosure requirements. Am. Compl. [D.E. 74] ¶¶ 112–23. TILA grants borrowers the right to rescind a mortgage loan "until midnight of the third business day following

2

the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). "This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015). The borrower can exercise the conditional right of rescission within "three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f); see 12 C.F.R. § 226.23(a)(3) ("Regulation Z"); Jesinoski, 135 S. Ct. at 792. Among other things, lenders must disclose "the annual percentage rate, the finance charge, the amount financed, the total of payments, [and] the payment schedule." 12 C.F.R. § 226.23(a)(3) n.48; see generally 15 U.S.C. § 1638(a).

Plaintiffs allege that Deutsche Bank violated TILA's disclosure requirements by failing to timely deliver to plaintiffs two copies of the notice of the right to rescind that clearly and conspicuously disclosed the date the rescission period expired, and by failing to deliver all "material" disclosures required by TILA and its implementing regulation. Am. Compl. ¶¶ 114–15. Deutsche Bank allegedly violated TILA's disclosure requirements by: (1) failing to clearly and accurately disclose the loan's "annual percentage rate" in violation of 15 U.S.C. § 1638(a)(4) and 12 C.F.R. § 226.18(e); (2) failing to properly disclose the number, amounts, and timing of payments scheduled to repay the obligation in violation of 15 U.S.C. § 1638(a)(6) and 12 C.F.R. § 226.18(g); and (3) failing to clearly and accurately disclose the "total of payments" in violation of 15 U.S.C. § 1638(a)(5) and 12 C.F.R. § 226.18(h). See Am. Compl. ¶ 115.

Deutsche Bank moves for summary judgment on plaintiffs' TILA claim on two grounds: that plaintiffs fail to identify a TILA violation entitling them to rescission and, that even if plaintiffs could prove a TILA violation, plaintiffs have not alleged or demonstrated that they could tender the

3

loan proceeds should the court order rescission.

A TILA disclosure violation by itself does not entitle a borrower to rescission. See Powers v. Sims & Levin, 542 F.2d 1216, 1220–22 (4th Cir.1976); Haas v. Falmouth Fin., LLC, 783 F. Supp. 2d 801, 805–08 (E.D. Va. 2011). To obtain rescission, the borrower must show he will be able to tender the borrowed funds back to the lender should the court order rescission. Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 820–22 (4th Cir. 2007); Powers, 542 F.2d at 1220–22; Haas, 783 F. Supp. 2d at 806; 15 U.S.C. § 1635(b). "District courts in the Fourth Circuit following Shelton have routinely dismissed plaintiffs' rescission claims, both at the Rule 12(b)(6) stage and at summary judgment, where plaintiffs fail to allege or demonstrate they would be able to meet their tender obligation if rescission were ordered." Haas, 783 F. Supp. 2d at 806.[1] Here, plaintiffs have failed to meet their burden on summary judgment to demonstrate at least a genuine issue of material fact as to their ability to meet their tender obligation should the court order rescission.

In opposition, plaintiffs cite Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015), and argue that they need not demonstrate an ability to tender for their recission claim to survive summary judgment. Plaintiffs, however, "conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed

---

[1] See Miranda v. Wells Fargo Bank, N.A., 490 F. App'x 612, 612–13 (4th Cir. 2012) (per curiam) (unpublished); Brown v. Gorman, No. 1:15-CV-01265, 2016 WL 3702974, at *3–4 (E.D. Va. July 7, 2016); Renfrow v. Fremont Home Loan Trust, No. 5:12-CV-565-FL, 2013 WL 3475300, at *8 (E.D.N.C. July 10, 2013) (unpublished); Parham v. HSBC Mortg. Corp., 826 F. Supp. 2d 906, 910–11 (E.D. Va. 2011), aff'd sub nom. Parham v. HSBC Mortg. Corp., (USA), 473 F. App'x 244 (4th Cir. 2012) (unpublished); Little v. Bank of Am., N.A., 769 F. Supp. 2d 954, 965–66 (E.D. Va. 2011); Hudson v. Bank of Am., N.A., No. 3:09-CV-462, 2010 WL 2365588, at *5 (E.D. Va. June 11, 2010) (unpublished), aff'd, 429 F. App'x 310 (4th Cir. 2011) (unpublished); Larrabee v. Bank of Am., N.A., No. 3:09CV712, 2010 WL 4853382, at *4 n.12 (E.D. Va. Nov. 19, 2010) (unpublished), aff'd, 474 F. App'x 940 (4th Cir. 2012) (unpublished); Taylor v. Deutsche Bank Nat'l Trust Co., No. 3:10-CV-149, 2010 WL 4103305, at *5 (E.D. Va. Oct. 18, 2010); Cheche v. Wittstat Title & Escrow Co., LLC, 723 F. Supp. 2d 851, 858–59 (E.D. Va. 2010).

4

and the contract voided." Gilbert, 678 F.3d at 277. In Jesinoski, the Court examined the requirements for exercising the right to rescind, holding that to do so the borrower need only notify the lender of his intention to rescind the loan within the conditional three-year rescission period, rather than file a lawsuit within that three-year time. Jesinoski, 135 S. Ct. at 793. As for the ability to tender the loan proceeds, Jesinoski recognizes that a borrower need not tender the proceeds to effectively exercise the right to rescind. See id. In Jesinoski, however, the Court did not hold that a borrower need not have the ability to tender before a court can order rescission. See Jesinoski v. Countrywide Home Loans, Inc., No. 11-474 (DWF/FLN), 2016 WL 3962865, at *4–5 (D. Minn. July 21, 2016) (unpublished); Brown, 2016 WL 3702974, at *3–4. Thus, Jesinoski did not invalidate Fourth Circuit precedent holding that the ability to tender is a necessary predicate before a court may order rescission. Accordingly, the court grants summary judgment to defendants on plaintiffs' TILA claim.[2]

2.

Plaintiffs allege that Ocwen violated the NCDCA by: (1) communicating with plaintiffs after plaintiffs' attorney notified Ocwen that plaintiffs were represented by counsel; (2) falsely representing the character, extent, or amount of debt against a consumer by attempting to collect

---

[2] In their response to defendants' motion for summary judgment, plaintiffs request in the alternative that the court order defendants to modify the loan and permit plaintiffs to make payments consistent with the modification. [D.E. 113] 10. Plaintiffs, however, did not request modification in their amended complaint, and plaintiffs cannot amend their compliant via summary-judgment briefing. See, e.g., Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2011 WL 4527382, at *7–10 (E.D.N.C. Sept. 28, 2011) (unpublished) (collecting cases). Here, plaintiffs amended complaint requested rescission, which requires tender of the loan proceeds. See 15 U.S.C. § 1635(b). Moreover, plaintiffs' willingness to enter into a loan modification does not achieve "[t]he equitable goal of rescission under TILA . . . to restore the parties to the status quo ante." Shelton, 486 F.3d at 820; see Ung v. GMAC Mortg., LLC, No. 09-893-VAP (OPX), 2009 WL 2902434, at *3 (C.D. Cal. Sept. 4, 2009) (unpublished).

5

money from plaintiffs after plaintiffs forwarded the notice of rescission to the noteholder; and (3) falsely representing to be the servicer of plaintiffs' promissory note. See Am. Compl. ¶ 149. Ocwen asserts that it is entitled to summary judgment on plaintiffs' theory that Ocwen violated the NCDCA by communicating with plaintiffs after learning they were represented by counsel.

The NCDCA prohibits debt collectors from "[c]ommunicating with a consumer (other than a statement of account used in the normal course of business) whenever the debt collector has been notified by the consumer's attorney that he represents said consumer." N.C. Gen. Stat. § 75-55(3). Plaintiffs assert that defendants knew or should have known that plaintiffs were represented by counsel by September 2009. See Am. Compl. ¶ 74. Nonetheless, Ocwen allegedly communicated with plaintiffs three times after September 2009. First, on February 15, 2013, Ocwen contacted plaintiffs regarding Ocwen's having acquired the servicing rights to plaintiffs' obligation. Id. ¶ 89. Next, by letter dated May 13, 2013, Ocwen advised plaintiffs that the loan's interest rate would adjust on June 1, 2013, and become effective on July 1, 2013. Id. Finally, by letter dated January 13, 2014, Ocwen advised plaintiffs that the interest rate would adjust on December 1, 2013, and become effective on January 1, 2014. Id.

Ocwen is entitled to summary judgment on this theory under the NCDCA because plaintiffs have not produced evidence demonstrating that Ocwen attempted to collect on the underlying debt. Section 75-55's preface provides that "[n]o debt collector shall collect or attempt to collect any debt by use of any unconscionable means." N.C. Gen. Stat. § 75-55. Under the NCDCA, a debt collector is "any person engaging, directly or indirectly, in debt collection from a consumer." N.C. Gen. Stat. § 75-50(3). An NCDCA plaintiff must prove that the defendant was a debt collector under the NCDCA. See Spitzer-Tremblay v. Wells Fargo Bank, N.A., 793 S.E.2d 281, *4 (N.C. Ct. App. Nov. 15, 2016) (unpublished table decision); Davis Lake Cmty. Ass'n v. Feldman, 138 N.C. App. 292,

6

296, 530 S.E.2d 865, 868 (2000); see also Friday v. United Dominion Realty Trust, Inc., 155 N.C. App. 671, 680, 575 S.E.2d 532, 538 (2003); Newton v. Nationstar Mortg. LLC, No. 7:15-CV-16-D, 2015 WL 3413256, at *3–4 (E.D.N.C. May 26, 2015) (unpublished); see also Johnson v. Brock & Scott, PLLC, No. 5:11-CV-474-F, 2013 WL 6058199, at *8 (E.D.N.C. Nov. 15, 2013) (unpublished). Here, the question becomes whether Ocwen's communications with plaintiffs can "reasonably be described as an attempt to collect a debt, directly or indirectly." Johnson, 2013 WL 6058199, at *8.

Plaintiffs have not introduced the letters at issue into the record; therefore, the court must rely on paragraph 89 of the amended complaint as the only description of their contents. Even accepting plaintiffs' allegations as true, they fail to show that the letters were an attempt to hold plaintiffs liable for the debt evidenced by the promissory note. See Newton, 2015 WL 3413256, at *3–4. Instead, based on the description of the letters in the amended complaint, the letters notify plaintiffs that Ocwen is now the loan's servicer and inform plaintiffs of the dates the loan's interest rate will change. This routine information simply informed plaintiffs of the note's terms. In fact, the note required the noteholder to notify plaintiffs of any changes in the interest rate and the monthly payments. See Am. Compl. Ex. 2 [D.E. 74] 38. Although the communications may have been sent in connection with the debt, the NCDCA covers a narrower subset of conduct. See Johnson, 2013 WL 6058199, at *8. Plaintiffs have not forecast sufficient evidence for a jury to find that Ocwen's letters represented an attempt to collect a debt. Accordingly, the court grants summary judgment to Ocwen on this theory of liability under NCDCA.

B.

On May 16, 2016, plaintiffs moved for summary judgment on their TILA claim [D.E. 104]. On June 3, 2016, defendants responded in opposition [D.E. 111]. On June 15, 2016, plaintiffs

replied [D.E. 115].

In their motion, plaintiffs contend that the TILA disclosure understated the amount financed. The amended complaint, however, does not assert this theory of liability. See Am. Compl. ¶ 115. Plaintiffs moved to amend the amended complaint to add this theory [D.E. 95], and the court denied the motion [D.E. 108]. Because plaintiffs premise their motion on a proposed amendment that the court denied, the motion is denied as moot.[3] This conclusion holds true even though plaintiffs also argue that they need not demonstrate an ability to tender the loan proceeds to succeed on their rescission claim. That argument depends on a violation occurring in the first place, and the violation plaintiffs allege in their motion as a predicate for rescission is not properly before the court.

Alternatively, the court denies plaintiffs' motion as untimely. On August 6, 2015, this court issued a scheduling order requiring that the parties file all potentially dispositive motions by May 13, 2016. See [D.E. 70]. On May 2, 2016, plaintiffs moved to extend this deadline [D.E. 96]. On May 25, 2016, the court denied the motion [D.E. 108]. Plaintiffs did not file their motion for partial summary judgment until May 16, 2016, three days after the deadline for doing so expired. See [D.E. 100].

II.

On March 21, 2016, plaintiffs moved to admit the deposition testimony of Jeffrey Stephan [D.E. 90]. On April 4, 2016, defendants responded in opposition [D.E. 92]. On April 18, 2016, plaintiffs replied [D.E. 93]. The court denies plaintiffs' motion in limine without prejudice. Plaintiffs may raise the issue again at trial. At that point, the court will be better positioned to address the admissibility of Stephan's deposition testimony.

---

[3] In their reply brief, plaintiffs renew their motion to amend. [D.E. 115] 4. The court denies plaintiffs' request for the same reasons stated in the order denying leave to amend. See [D.E. 108].

8

III.

In sum, the court GRANTS defendants' motion for partial summary judgment [D.E. 100], DENIES plaintiffs' motion for partial summary judgment [D.E. 104], and DENIES WITHOUT PREJUDICE plaintiffs' motion in limine [D.E. 90].

SO ORDERED. This 14 day of March 2017.

                                                JAMES C. DEVER III
                                                Chief United States District Judge